[No. A024927. First Dist., Div. One. June 25, 1984.]

JOYCE M. McMILLON et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.*]**

*See footnote 2, *post,* page 656.

## COUNSEL

Jeff Brown, Public Defender, Peter G. Keane, Chief Attorney, Lisa C. Dewberry, Deputy Public Defender, Stephen Shaiken and Shaiken & Galler for Petitioners.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Ann K. Jensen and Frances Marie Dogan, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**NEWSOM, J.**—Petitioners, Joyce M. McMillon and James E. Bell, seek writs of mandate and/or prohibition (Pen. Code, §§ 1538.5, subd. (i) and 999a[1]) to compel the San Francisco Superior Court to grant their motions to suppress evidence and to set aside portions of the amended information

---

[1]Unless otherwise expressly noted, all statutory references are to the Penal Code.

on file against them. As will be seen, we grant the writ with respect to certain of the section 12022.1 enhancement allegations and deny the petition in all other respects.[2]

## I. *The section 12022.1 enhancements.*

By an amended information filed on August 24, 1983, petitioners are charged (together with a codefendant not a party to this petition) with seven counts of robbery (§ 211). The victims and the dates of the robberies alleged are: Tayseir Origat, June 19, 1983; Bill Mak, June 20, 1983; Tommy Wong, June 20, 1983; Richard De Causemaker, June 21, 1983; Michael Wagner, June 22, 1983; Maria Canales, June 22, 1983; and Edward A. Collins, June 24, 1983. As to each robbery, the amended information alleges enhancements against petitioners McMillon and Bell within the meaning of section 12022.1, i.e., that each was out of custody on bail or on his/her own recognizance while pending trial in an earlier felony offense at the time of the commission of the robbery.[3]

As to petitioner McMillon, a stipulation was entered at the preliminary examination that, at the time of the commission of the offenses, she was the defendant in San Francisco Superior Court No. 110852, had been released on her own recognizance, and pleaded guilty to robbery in that case on May 9, 1983. As to petitioner Bell, a stipulation was entered at the preliminary examination that he was the defendant in San Francisco Superior Court No. 110420 at the time of the charged offenses, had been granted bail in that case on February 22, 1983, and remained on bail through June 22, 1983, on which date he entered a plea of guilty and was again released on bail. Notably, the stipulation makes no reference to the time of day of the plea.

---

[2]Parts II and III of this opinion are not certified for publication as they do not meet the standards for publication contained in rule 976(b), California Rules of Court.

[3]In its entirety, section 12022.1 provides: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows:

"(a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition, the sentence for the later offense shall be enhanced by an additional term of two years.

"(b) If the person is convicted of a felony for the earlier offense, is granted probation for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years.

"(c) If the earlier offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the later offense upon reconviction of the earlier offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

■   Enhancement allegations pursuant to section 12022.1 are, of course, subject to a section 995 motion. (*People* v. *Superior Court* (*Mendella*) (1983) 33 Cal.3d 754, 756-757 [191 Cal.Rptr. 1, 661 P.2d 1081]; *People* v. *Superior Court* (*Price*) (1984) 150 Cal.App.3d 486 [198 Cal.Rptr. 61].)

■   At issue here is the meaning of the words "while . . . *pending trial*" in section 12022.1. Petitioners contend that "pending trial" means just that, so that the words may not be read to mean "pending commencement of sentence" or "pending pronouncement of judgment." Thus, they argue, the section 12022.1 allegations must be stricken as to robberies which allegedly were committed after the entry of their guilty pleas.[4]

The Attorney General argues that the phrase "pending trial" "can only be logically interpreted to include the proceedings up to and including sentencing." We disagree.   ■   It is a "well-established principle of statutory interpretation that if no ambiguity, uncertainty, or doubt about the meaning of a statute appears, the provision is to be applied according to its terms without further judicial construction. [Citation.]" (*In re Atiles* (1983) 33 Cal.3d 805, 811 [191 Cal.Rptr. 452, 662 P.2d 910].)   ■   It is equally well settled that "ambiguities in penal statutes must be construed in favor of the offender, not the prosecution." (*In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087].)   ■   The literal language of a statute may be disregarded only if it would lead to absurd results. (*In re Jeanice D., supra,* 28 Cal.3d 210, 226; *Amador Valley Joint Union High Sch. Dist.* v. *State Bd. of Equalization* (1978) 22 Cal.3d 208, 245 [149 Cal.Rptr. 239, 583 P.2d 1281].)

■   The language of section 12022.1 could not be more specific. It may not be used to enhance sentence for crimes committed when, as here, guilty pleas had already been entered in the prior offenses, and where, necessarily, no trial was therefore pending.

We recognize that *People* v. *Superior Court* (*Price*), *supra,* 150 Cal.App.3d 486, reaches a different result. There, Division Five of this court addressed the propriety of the section 12022.1 allegation when the defendant had not yet gone to preliminary hearing on the first offense. Holding that the defendant was in "pending trial" status within the meaning of the code section, the court said: "The clear meaning of section 12022.1, consistent with the obvious intent of the Legislature, is that any person who

---

[4]As to petitioner McMillon, all section 12022.1 enhancements would be stricken. As to petitioner Bell, those allegations associated with the Michael Wagner, Maria Canales and Edward A. Collins robberies are affected. While the Wagner and Canales offenses took place on the same day (June 22, 1983) as Bell's plea, no evidence was presented at the preliminary examination concerning whether or not the offenses were committed pre- or post-plea.

has been lawfully subjected to custody under charges filed either before a magistrate or in superior court is 'pending trial.' The purpose of section 12022.1 is to deter, by punishing, those persons released on bail or their own recognizance from committing new felonies while *awaiting trial court judgment* on the felony charge. To exempt individuals released by the magistrate before preliminary examination would frustrate the legislative plan and create distinctions among individuals accused of felonies based on the timing of their arraignment in superior court." (*Id.,* at p. 489, italics added.)

The comment, however, suggests the problems with an attempt to go beyond the literal terms of the section: *Price* reads section 12022.1 to apply to persons "awaiting trial court judgment," finding it absurd, apparently, to make distinctions between those who have and have not pleaded or been found guilty at trial. In doing so, however, the *Price* court creates another arbitrary distinction—between those felons who have been sentenced and might, perhaps, be out of custody pending appeal or pending commencement of sentence, and those awaiting sentence. With all respect, the *Price* court's attempt to define the "obvious" is, perhaps, the best example of why the literal language of a statute should not be disregarded. Moreover, a further logical extension of the conclusion of the Court in *Price* is that any felony *arrest* could, by parity of reasoning, be said to trigger the enhancement—something the Legislature arguably could, but did not, do.

## II.*

. . . . . . . . . . . . . . . . . . . . . . .

Let a peremptory writ of prohibition issue restraining the San Francisco Superior Court in People v. James Bell et al., No. 111631, as follows: (1) from taking any further proceedings, other than dismissal, concerning penalty enhancement allegations charged against defendant James Bell pursuant to Penal Code section 12022.1 alleged in the counts of the amended information which charge offenses committed on or after June 22, 1983; and (2) from taking any further proceedings, other than dismissal, concerning penalty enhancement allegations charged against defendant Joyce McMillon pursuant to Penal Code section 12022.1. In all other respects, the petition on file herein is denied and the alternative writ is discharged. The stay heretofore imposed shall remain in effect until the finality of this opinion or until further order of this court.

Racanelli, P. J., concurred.

---

*See footnote 2, *ante,* page 656.

**HOLMDAHL, J.,** Concurring and Dissenting.—I respectfully dissent from the majority opinion, part I (the § 12022.1 enhancements).

I would prefer to reach a result consistent with *People v. Superior Court (Price)* (1984) 150 Cal.App.3d 486 [198 Cal.Rptr. 61] and "consistent with the obvious intent of the Legislature." (*Id.*, at p. 489.)

The majority states the "language of section 12022.1 could not be more specific" in its use of the words "pending trial," especially when, "as here, guilty pleas had already been entered in the prior offense, and where, necessarily, no trial was therefore pending." That specificity, however, will become quite ambiguous in future cases when "pending trial" felonies are shaded between those which will have been committed between the first and second days of a 10-day trial, or on the fifth day of a 10-day trial, or on the last day of a 10-day trial. On which of these was the trial still "pending"? Is trial still "pending," once it has commenced?

Far more compatible with the apparent legislative purpose and in resolution of the ambiguity inherent in use of the words "pending trial," would be to view those words as relating to the trial process as a whole, to and including the imposition of sentence.

Applying the *Price* rule that Penal Code section 12022.1 applies through "trial court judgment" (*People v. Superior Court (Price), supra,* 150 Cal.App.3d 486, 489), I would uphold the enhancement allegations against both petitioners.

In all other respects, I concur in the majority opinion.