[Crim. No. 24837. Nov. 13, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDDIE LEE OVERSTREET, Defendant and Appellant.

**COUNSEL**

David B. Florance, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, John W. Carney and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BROUSSARD, J.**—The sole issue presented is whether a defendant who has pled guilty to a felony and thereafter commits another felony while released on his own recognizance pending sentencing is subject to the provisions of former section 12022.1 of the Penal Code imposing a two-year enhancement for felonies committed while released "pending trial."[1]

On December 8, 1983, defendant pled guilty to receiving stolen property and was released on his own recognizance pending sentencing. Before sentencing, he was charged with murder, personal use of a firearm, and commission of a felony while released on his own recognizance pending trial. Pursuant to a plea bargain he pled guilty to involuntary manslaughter, admitted the firearm use allegation, and submitted the additional charge to the trial court. The trial court found the charge true, and sentenced defendant to the aggravated term of four years for involuntary manslaughter, two years consecutively for the firearm use, and two years consecutively for committing a felony while released pending trial.[2]

Section 12022.1 as enacted in 1982 provided in part: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance *pending trial* on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows: . . . [¶] (b) If the person is convicted of a felony for the earlier offense, is granted probation

---

[1]Unless otherwise indicated, all statutory references are to the Penal Code.

[2]On the receiving stolen property charge, defendant was granted probation upon condition of six months in jail.

for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years. . . ."[3] (Italics added.) (In 1985 the section was rewritten to apply to persons released on bail or own recognizance "prior to the judgment becoming final, including the disposition of any appeal.")

Defendant contends that the word "trial" is unambiguous and excludes proceedings following the determination of guilt and that, even if it were ambiguous, the ambiguity must be resolved to exclude such proceeding. The Attorney General argues that the word "trial" is ambiguous and has been used to include the sentencing process, that the word should be interpreted to include the sentencing process to effectuate legislative intent and to avoid absurd consequences, and that the other language of section 12022.1 shows that the word "trial" was intended to encompass judgment. ■ We conclude that, while the word is ambiguous, the ambiguity must be resolved in favor of defendant. His construction is not shown to be contrary to legislative intent, the claimed absurd consequences are not eliminated by construing trial to include sentencing, and the other provisions of section 12022.1, if anything, are contrary to the Attorney General's position.

■ The fundamental rule is that a court should ascertain the intent of the Legislature so as to effectuate the law's purpose, and in determining intent the court first turns to the words used. (*People* v. *Black* (1982) 32 Cal.3d 1, 5 [184 Cal.Rptr. 454, 648 P.2d 104].)

When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it. (*People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380]; *In re Atiles* (1983) 33 Cal.3d 805, 811 [191 Cal.Rptr. 452, 662 P.2d 910].) ■ The words

---

[3]Section 12022.1 provided: "Any person convicted of a felony offense which was committed while that person was released from custody on bail or on his or her own recognizance pending trial on an earlier felony offense shall, upon conviction of the later felony offense, be subject to a penalty enhancement as follows:

"(a) If the person is convicted of a felony for the earlier offense, is sentenced to state prison for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be consecutive to the earlier sentence. In addition, the sentence for the later offense shall be enhanced by an additional term of two years.

"(b) If the person is convicted of a felony for the earlier offense, is granted probation for the earlier offense, and is convicted of a felony for the later offense, any state prison sentence for the later offense shall be enhanced by an additional term of two years.

"(c) If the earlier offense conviction is reversed on appeal, the enhancement shall be suspended pending retrial of that felony. Upon retrial and reconviction, the enhancement shall be reimposed. If the person is no longer in custody for the later offense upon reconviction of the earlier offense, the court may, at its discretion, reimpose the enhancement and order him or her recommitted to custody."

"pending trial" are not reasonably subject to a construction to include appeals from a judgment, and to this extent there is nothing to construe.

However, while the word "trial" has long been interpreted to refer to the process culminating in the determination of guilt, particularly in bail cases (e.g., *Ex Parte Voll* (1871) 41 Cal. 29, 32; *Ex Parte Brown* (1885) 68 Cal. 176, 178 et seq. [8 P. 829]), the word has also been interpreted to include the sentence or judgment in other cases (e.g., *People* v. *McKamy* (1914) 168 Cal. 531, 535-536 [143 P. 752]; *People* v. *Arbee* (1983) 143 Cal.App.3d 351, 356 [192 Cal.Rptr. 13]). Accordingly, we recognize that the word is ambiguous as to whether it includes proceedings following the determination of guilt prior to sentencing.

■ When language which is susceptible of two constructions is used in a penal law, the policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute. (*People* v. *Weidert, supra,* 39 Cal.3d 836, 848 [218 Cal.Rptr. 57, 705 P.2d 380]; *People* v. *Davis* (1981) 29 Cal.3d 814, 828 [176 Cal.Rptr. 521, 633 P.2d 186]; *In re Jeanice D.* (1980) 28 Cal.3d 210, 217 [168 Cal.Rptr. 455, 617 P.2d 1087].)

■ Strict construction of penal statutes protects the individual against arbitrary discretion by officials and judges and guards against judicial usurpation of the legislative function which would result from enforcement of penalties when the legislative branch did not clearly prescribe them. Strict construction also prevents judicial interpretation from changing the legal consequences of acts completed prior to the decision and thus aids in meeting the requirement that a defendant have fair warning of the consequences of his acts reflected in the constitutional prohibition against ex post facto laws. (*People* v. *Weidert, supra,* 39 Cal.3d 836, 848-851; *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 632, 634 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420].)

As Justice Holmes reasoned in interpreting the language of a criminal statute: "Although it is not likely that a criminal will carefully consider the text of the law before he murders or steals, it is reasonable that a fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear. When a rule of conduct is laid down in words that evoke in the common mind only the picture of vehicles moving on land, the statute should not be extended to aircraft, simply because it may seem to us that a similar policy applies,

or upon the speculation that, if the legislature had thought of it, very likely broader words would have been used." (*McBoyle* v. *United States* (1931) 283 U.S. 25, 27 [75 L.Ed. 816, 818, 51 S.Ct. 340].)

In addition, the Legislature is deemed to be aware of existing laws and judicial decisions in effect at the time legislation is enacted and to have enacted and amended statutes "'in the light of such decisions as have a direct bearing upon them.'" (*Estate of McDill* (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874]; *People* v. *Weidert, supra,* 39 Cal.3d 836, 844-846; *Bailey* v. *Superior Court* (1977) 19 Cal.3d 970, 977-978, fn. 10 [140 Cal.Rptr. 669, 568 P.2d 394].)

Application of the above rules of construction requires us to conclude that the words "pending trial" refer to the period prior to determination of guilt and do not include the period between determination of guilt and judgment or execution of judgment. The court in *McMillon* v. *Superior Court* (1984) 157 Cal.App.3d 654, 657-658 [204 Cal.Rptr. 52], reached the same conclusions rejecting a statement in *People* v. *Superior Court (Price)* (1984) 150 Cal.App.3d 486, 489 [198 Cal.Rptr. 61], implying that the section applied to persons awaiting judgment.[4]

The statutory history of the bill which became section 12022.1 shows that the bill as originally introduced by Assemblymember McAlister provided for the enhancement when a person "arrested or charged" and released from custody committed a felony. The quoted words were deleted in the Assembly, and the words "pending trial" were added along with a number of other changes. The basis of the change is not shown. Yet, it is apparent that the quoted words are words of limitation and could have been omitted if the Legislature did not intend to make a distinction based on the stage of the criminal proceeding.

Obviously, a determination that the words "pending trial" do not include the period following determination of guilt is in accord with the policy to construe statutes as favorably to the defendant as their language reasonably permits. Limiting the words "pending trial" to the proceedings culminating in the determination of guilt is in accord with common usage of the words.

---

[4]*People* v. *Superior Court (Price), supra,* involved a defendant charged with committing felonies while released on his own recognizance prior to preliminary examination. The case is distinguishable since at the time of commission of the subsequent offenses there had been no determination of guilt of the prior offenses. The court stated that the purpose of section 12022.1 is to deter, by punishing, those persons released on bail or their own recognizance from committing felonies "while awaiting trial court judgment" on the felony charge. (150 Cal.App.3d at p. 489.) It is apparent that the reference to "judgment" was not necessary to the court's determination that the section was applicable to persons awaiting preliminary examination.

Traditionally, the Constitution, the Legislature and the cases involving release on bail or own recognizance have drawn distinctions on the basis of the determination of guilt. Thus the constitutional right to release on bail or own recognizance (Cal. Const., art. I, § 12, formerly art. I, § 6) applies only to defendants who have not been convicted and is inapplicable after there has been a determination of guilt. (*In re Podesto* (1976) 15 Cal.3d 921, 929-930, 931 [127 Cal.Rptr. 97, 544 P.2d 1297]; *In re Scaggs* (1956) 47 Cal.2d 416, 418 [303 P.2d 1009]; *Ex Parte Brown, supra,* 68 Cal. 176, 178 et seq.; *Ex Parte Voll, supra,* 41 Cal. 29, 32.) As stated in *Voll,* "the Constitution, in declaring bail to be a matter of right, contemplated only those cases in which the guilt of the party had not been already judicially ascertained; cases in which the prisoner as yet stood upon his plea of not guilty, supported with all of the presumptions of innocence with which the law delights to surround him. But when trial has been had, and his plea proven false, the law will not stultify itself by presuming him other than that it has itself adjudged him to be." (41 Cal. at p. 32.)

The statutes likewise distinguish between release prior to or after the determination of guilt. Thus, former section 1268a, applicable at the times involved here, provided that release from custody on bail or own recognizance was a matter of "right" except where the defendant was charged with an offense punishable with death and the proof was evident or the presumption thereof was great.[5] Section 1272 provided that pending probation determination or appeal, release on bail or own recognizance is a matter of discretion in felony cases except where the offense is punishable with death or where the judgment imposes a fine only.[6] Application of the words "pending trial" in accordance with its common usage is thus also in accord

---

[5]Section 1268a provided: "(a) In accordance with the provisions of this chapter, a defendant shall be released from custody prior to conviction upon the posting of bail as a matter of right, or the defendant may be released from custody upon his or her own recognizance, except that a defendant charged with an offense punishable with death where the proof is evident or the presumption thereof great shall not be released from custody. The finding of an indictment does not add to the strength of the proof or the presumption to be drawn therefrom. A defendant arrested for a misdemeanor may be released from custody upon conditional release or upon executing an appearance bond.

"(b) A defendant who has been arrested for a misdemeanor shall, as a matter of right, prior to arraignment, be released from custody upon his or her compliance with the provisions of Section 1269d."

[6]Section 1272 continues to provide: "After conviction of an offense not punishable with death, a defendant who has made application for probation or who has appealed may be admitted to bail:

"1. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing a fine only.

"2. As a matter of right, before judgment is pronounced pending application for probation in cases of misdemeanors, or when the appeal is from a judgment imposing imprisonment in cases of misdemeanors.

"3. As a matter of discretion in all other cases."

with the traditional distinction made by the Constitution, the Legislature and the courts in treating the matter of bail differently depending upon whether there has been a determination of guilt.

The Attorney General argues that there is no reasonable basis to distinguish between accused defendants who commit felonies while released before trial and defendants who commit felonies while released after guilt has been determined, that such a distinction would result in absurd consequences and that therefore the term "pending trial" should be interpreted as including the pronouncement of judgment.

Pointing out that defendants committing a second felony remain subject to punishment for the second felony whether or not the enhancement is applicable, defendant offers several reasons why the Legislature may have determined to apply the enhancement only where the second felony occurred prior to the determination of guilt.

Defendant argues that the enhancement applicable to released defendants is not applicable to others committing multiple offenses, that only a very small number of defendants would be subject to the enhancement because many defendants are not released for the period between determination of guilt and sentencing and the period is short, that applying the enhancement to defendants awaiting sentencing would not serve a substantial deterrent effect because they are aware already that any additional offense will not only be punishable in itself but also considered by the judge who is about to impose sentence, and that, if the absence of an enhancement for persons awaiting sentencing was due to legislative oversight, it is not the judicial function to impose a penalty where the legislative branch did not clearly impose one.

In any event, even if there were no valid reason to distinguish as to the enhancement between defendants based on the stage of the criminal proceeding, the Legislature unambiguously did so. As pointed out above, the words "pending trial" may not be reasonably construed to include releases while the defendant is appealing. For this reason, arguments to the effect that it is anomalous or contrary to obvious legislative purpose to distinguish between released defendants on the basis of the stage of the criminal proceeding must be rejected. The so-called anomaly will be present under any reasonable interpretation of the words "pending trial." Necessarily those who commit offenses while released pending appeal are not subject to the enhancement while those committing offenses before determination of guilt are subject to it. The so-called anomaly will be present whether those committing offenses after determination of guilt but before appeal are classified with persons who commit offenses before the determination of guilt

or those who commit offenses while appeal is pending. As we have seen, the traditional approach followed by the Legislature in bail matters, when it makes such a classification, is to classify persons awaiting sentencing with appellants.

The Attorney General requests us to take judicial notice of a commendation letter by Assemblymember McAlister who introduced the bill which became section 12022.1. The letter was sent to Governor Brown with the bill enacting section 12022.1. The letter stated in part: "I believe the legislation is consistent with your interest in encouraging bail for all who *should* be bailed. In turn, those who commit a felony while on bail ought to be dealt with severely." ■ However, the letter may not be used to construe the statute under the rules enunciated in *California Teachers Assn.* v. *San Diego Community College District* (1981) 28 Cal.3d 692, 699-700 [170 Cal.Rptr. 817, 621 P.2d 856] and *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589-590 [128 Cal.Rptr. 427, 546 P.2d 1371]. Ordinarily, a legislator's statements as to his motives or understandings are not admissible. The statement may be entitled to consideration when it is a reiteration of legislative discussion and events leading to adoption of proposed amendments and when it gave some indication of arguments made to the Legislature and was printed upon motion of the Legislature as a letter of legislative intent. (*Ibid.*) Neither exception is applicable here. Moreover, the preceding paragraph of the letter in describing the effect of the legislation used the words "pending trial" so that the subsequent statements must be read in light of the quoted words. Without knowing the Governor's view on release of persons whose guilt has been determined, the Assemblymember's statement remains as ambiguous as the quoted words. The letter is of no aid to the Attorney General.

The other provisions of section 12022.1 lend support to the conclusion that "pending trial" does not include periods after the determination of guilt. Thus the Legislature has used the words "sentence" and "sentenced" in subdivisions (a) and (b) (see fn. 3), and it could easily have used those terms had it intended to include periods after the determination of guilt. The Attorney General argues that the section uses the word "convicted" as meaning entry of "judgment" in its subdivisions and that this shows that the earlier usage of "pending trial" should include sentencing. Even assuming that "convicted" is used in the sense of judgment,[7] this does not

---

[7]Conviction is commonly used to connote determination of guilt, as when appellate courts affirm the conviction but remand for resentencing. (E.g., *People* v. *Belmontes* (1983) 34 Cal.3d 335, 349 [193 Cal.Rptr. 882, 667 P.2d 686].) However, conviction is also often used to connote judgment. (See *Helena Rubenstein Internat.* v. *Younger* (1977) 71 Cal.App.3d 406, 413-421 [139 Cal.Rptr. 473].) The Legislature used "convicted" and "conviction" several times in the section, and it is by no means clear that the term was always used in the same sense.

appear helpful to the Attorney General, because "pending trial" is a different term, and more importantly subdivision (c) speaks of "retrial and reconviction" indicating that "trial" does not include conviction.

 We conclude that the enhancement of former section 12022.1 for offenses committed while released "pending trial" is not applicable to persons whose second offense is committed after a guilty plea to the first offense.

The judgment of the Court of Appeal is reversed.

Bird, C. J., and Reynoso, J., concurred.

**MOSK, J.**—I concur, but I do not agree with the majority that the word "trial" is ambiguous.

In finding an ambiguity, the majority misread the two cases on which they rely. *People* v. *McKamy* (1914) 168 Cal. 531, 535 [143 P. 752], makes no reference to sentencing; it indicates the trial ends with conviction or acquittal. *People* v. *Arbee* (1983) 143 Cal.App.3d 351, 356 [192 Cal.Rptr. 13], merely declares that "sentencing constitutes an essential and material phase of the criminal *proceeding*" (italics added), not the trial.

I am convinced that what constitutes a trial has been common knowledge at least since William the Conqueror and the Normans introduced trial by battle into medieval England.

Without citation of any persuasive authority, the dissent curiously declares that the phrase, "pending trial," might or might not include sentencing. It then goes beyond that equivocation to pronounce, ipse dixit, that the legislative intent is "unmistakable."

I am reminded of Chief Justice Wright's quotation attributed to a renowned English jurist: "If Parliament didn't mean what it said, why didn't it say so?" If the Legislature didn't mean "trial," why didn't it say so?

"Trial" in this country has generally been defined in the manner of an Ohio court six decades ago: "In its strict definition, the word 'trial' in criminal procedure means the proceedings in open court after the pleadings are finished and the prosecution is otherwise ready, down to and including the rendition of the verdict . . . ." (*Thomas* v. *Mills* (1927) 117 Ohio St. 114 [157 N.E. 488, 489, 54 A.L.R. 1220].)

There should not be any mystery concerning the definition of "trial" at this late date in California. More than a century ago this court declared that

every step "up to and including the verdict" constitutes the trial. (*People* v. *Turner* (1870) 39 Cal. 370, 371.) Again in *People* v. *White* (1907) 5 Cal.App. 329, 340 [90 P. 471], it was held that every step "from issue joined to verdict rendered" constitutes the trial.

*People* v. *Gilbert* (1943) 22 Cal.2d 522 [140 P.2d 9], was even more explicit: "A hearing for the determination of the degree of an offense and the punishment therefor is not a trial . . . ." (*Id.* at p. 528.) The foregoing rule was repeated in *People* v. *Gilbert* (1944) 25 Cal.2d 422, 428 [154 P.2d 657], and in *People* v. *Thomas* (1951) 37 Cal.2d 74, 76 [230 P.2d 351]. Finally, *People* v. *Stokes* (1907) 5 Cal.App. 205, 214 [89 P. 997], forthrightly held, "Pronouncing judgment, which is the formal declaration of sentence, is not the trial, nor any part thereof . . . ."

▆▆▆ Since the dissent cites no controlling authority, and the foregoing cases support the majority conclusion, though not its rationale, I must concur in reversal of the judgment.

**GRODIN, J.,** Dissenting.—Since the Legislature has now made clear its intent to apply the section 12022.1 enhancement to persons released on bail or own recognizance "prior to the judgment becoming final, including the disposition of any appeal" (Stats. 1985, ch. 533, § 1), and since it is unlikely there are many persons similarly situated to defendant Overstreet, today's decision will have little impact. As a matter of statutory interpretation, however, I respectfully dissent.

The rule that ambiguities in penal statutes should be interpreted in favor of the defendant does not require or justify an interpretation which flies in the face of the statutory scheme, and upon which no defendant could reasonably have relied. (See generally 3 Sutherland, Statutory Construction (4th ed. 1974) §§ 59.06-59.08, pp. 18-27, and cases cited.) Taken by itself, the phrase "pending trial" might or might not include the sentencing phase of a trial, depending upon the context.[1] In the context of this statute, the

---

[1]Although the concurring opinion cites a number of cases which have concluded, in particular contexts, that the term "trial" should not be interpreted to include sentencing, in other instances the word "trial" has been construed to encompass sentencing. (See, e.g., *People* v. *Mahan* (1980) 111 Cal.App.3d 28, 32 [168 Cal.Rptr. 428] [right to "speedy trial" includes sentencing]; *People* v. *Betillo* (1967) 53 Misc.2d 540 [279 N.Y.S.2d 444, 450] ["Is sentencing part of the trial? The answer is Yes."]; *State* v. *Budnick* (Fla.App. 1970) 237 So.2d 825, 826.) In *People* v. *McKamy* (1914) 168 Cal. 531, 535-536 [143 P. 752], the court apparently viewed the term "trial" simply as referring to the initial level of the proceedings, to be distinguished from "appeal," declaring: "[T]he word 'trial,' as commonly understood in our practice, includes nothing beyond proceedings in the court in which the case originated. In criminal cases, it embraces steps tending to and culminating in *a judgment of* conviction or acquittal. An appeal is no part of a trial. It is a means for remedying errors

purpose of which is to impose an increased sentence upon persons who commit additional crimes while released on bail or own recognizance, the legislative intent is unmistakable. Neither the majority's analysis nor the defendant's arguments present a plausible basis for withholding the statutory enhancement from a defendant who commits an additional crime after the guilt phase of his trial but prior to sentencing and imposition of judgment.[2] While I recognize that the same might have been said with respect to a defendant who commits an additional crime while awaiting appeal, that is not a reason for failing to give effect to the apparent legislative intent so far as possible within the language of the statute.

Accordingly, I would affirm the judgment in its entirety.

Lucas, J., and Panelli, J., concurred.

---

which have occurred at a precedent trial." (Italics added.)

As Justice Holmes taught: "A word is not a crystal, transparent and unchanged, it is the skin of a living thought and may vary greatly in color and content according to the circumstances and the time in which it is used." (*Towne* v. *Eisner* (1918) 245 U.S. 418, 425 [62 L.Ed. 372, 376, 38 S.Ct. 158].)

[2]As the majority observes (*ante,* pp. 897-898), the Constitution and statutes have in some contexts distinguished between the two phases of trial, but not in a manner which would be at all helpful to defendant's position here. Nor does it seem plausible, as defendant suggests, that the Legislature refrained from imposing additional enhancements upon persons awaiting sentencing because such persons are already aware that any additional offense would be considered by the sentencing judge. The same would be true, of course, in the case of persons who commit a second offense *while awaiting trial of guilt.* That *the* enhancement applicable to released defendants is not applicable to others committing multiple offenses, and that only a small number of defendants are released pending sentencing, hardly seem reasons of substance for withholding an enhancement from such persons.