Filed 9/16/25

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| JULIO CESAR ANGULO, | |
| Petitioner, | E085719 |
| v. | (Super.Ct.No. APRI2400121) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ. Samuel Diaz, Jr., Judge. Petition granted.

Law Offices of Shaffer Cormell, Shaffer Cormell and Miles Booth for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, Robert Driessen, Deputy District Attorney for Real Party in Interest.

1

Petitioner Julio Cesar Angulo (defendant) was charged by Real Party in Interest Riverside County District Attorney's office (the People) with misdemeanor driving under the influence pursuant to Vehicle Code sections 23152, subdivisions (a) and (b). Defendant entered a not-guilty plea and requested military diversion pursuant to Penal Code section 1001.80. Defendant had been an active member of the United States Marine Corps for five months and his counsel represented that he had served five years in the Marine Corps Reserve. The trial court denied defendant's request finding that he had not served the threshold of active duty for one year or one day of combat to qualify for military diversion. The trial court relied on the Legislature's intent in enacting Penal Code section 1001.80 and the "Memorandum of Understanding" from the Riverside County Veteran Treatment Center (hereinafter MOU), to deny defendant's request for pretrial diversion.

Defendant filed a writ of mandate in the appellate department of the superior court. The People conceded that Penal Code section 1001.80 did not have a one-year requirement of military service to be eligible for diversion. The superior court issued a decision, which it sought to publish, finding that Penal Code section 1001.80 does not contain any time limit for military service and remanded to the trial court for it to reconsider the denial of diversion. The superior court opinion also held that defendant was not entitled to pretrial diversion as a matter of law, but rather, if the trial court found defendant was eligible, the trial court had the discretion to consider whether he was suitable for diversion.

2

After the appellate department of the superior court filed its opinion,[1] on our own motion, we ordered the case transferred to this court pursuant to California Rules of Court rule 8.1002(3).[2] We ordered defendant and the People to file briefs addressing the two following questions: (1) Whether the superior court opinion properly used the term "suitability" in relation to Penal Code section 1001.80; and (2) whether the MOU referenced in the opinion relates to eligibility for military diversion under Penal Code section 1001.80, or whether it relates only to military treatment under Penal Code section 1170.9.

Defendant contends in his opening brief that (1) the appellate division of the Riverside County Superior Court (Appellate Division) properly used the term "suitability" based on the findings in *Wade v. Superior Court* (2019) 33 Cal.App.5th 694 (*Wade*) and this court should clarify that "suitability" should only "turn on . . . whether the defendant is willing to engage in that treatment, consistent with the statute's rehabilitative purpose"; (2) the MOU applies to both Penal Code sections 1001.80 and 1170.9 but cannot be used to impose additional disqualifying criteria beyond the plain text and intent of those statutes; and (3) the trial court's reliance on the MOU to deny relief on grounds not found in the statute was improper under *Wade* and must be

---

[1] The Appellate Division, pursuant to California Rules of Court rule 8.887(c)(2)(B), notified this court that their decision had been certified for publication in the Official Reports requiring this court to consider whether to transfer the case. As such, the Appellate Division decision was not published.

[2] California Rules of Court rule 8.1002 provides "A Court of Appeal may order a case transferred to it for hearing and decision if it determines that transfer is necessary to secure uniformity of decision or to settle an important question of law."

rejected. In response, the People agree that the Appellate Division of the superior court properly used the term suitability despite it not being a term in Penal Code section 1001.80 and the court can consider any suitability factor as long as it is consistent with the principles and purpose of the governing law. The People disagree with defendant's narrow view of suitability that it only consider the individual's capacity to engage in, comply with and benefit from treatment. The People also agree with defendant that the MOU applies to both Penal Code sections 1001.80 and 1170.9, but that the one-year service requirement does not override the statutory authority.

## FACTUAL AND PROCEDURAL HISTORY

Defendant was charged with misdemeanor driving under the influence pursuant to Vehicle Code section 23152, subdivisions (a) and (b), which he committed on August 12, 2023.[3] He entered a not-guilty plea and requested to be placed on military diversion pursuant to Penal Code section 1001.80. He provided proof that he served five months of active service in the United States Marine Corps and counsel for defendant represented defendant served several years in the reserves.

A hearing on the pretrial diversion was held on September 10, 2024. Counsel for defendant stated that defendant had served six months at boot camp, and then went into the reserves, where he spent six years. He was eligible for diversion pursuant to Penal Code section 1001.80 Counsel for the People stated that "he's supposed to be active for a year." He only had served for six months. The trial court noted it had looked at the

---

[3] There were additional allegations that he was driving at an excessive speed (Veh. Code, § 23582, subd. (a)) and refused a chemical test (Veh. Code, § 23578).

4

document submitted showing defendant's military service. The trial court confirmed that defendant had been driving in excess of 100 miles per hour, he had a blood alcohol level of .19, and he had no priors. Defendant's counsel argued, "[I]n this particular situation, as far as the Code saying that he has to have a year in there of active service, I don't believe that's actually in the military diversion provisions."

The trial court then stated the following: "Pursuant to California Penal Code Section 1001.80—this is from the memorandum of understanding from Riverside County Veteran Treatment Court, Standard 1102 in regard to military diversion. [¶] Potential candidates for military diversion must be charged with a misdemeanor offense and, . . . must meet the following requirements: [¶] One, be a current or former member of the United States military. [¶] Two, may be suffering from military sexual trauma, traumatic brain injury, posttraumatic stress order, substance abuse or mental health problems as a result of his or her military services." Based on the criteria, the trial court found defendant "not eligible pursuant to the statute and pursuant to the Riverside County memorandum of understanding." Counsel for defendant noted that the criteria did not specifically refer to one year of service. Such requirement was not in the initial statute. Further, the MOU could not be more restrictive than the actual statute. The statute was broad and allowed for diversion for service in the military. Counsel asked the trial court to reconsider its decision because it was not based on the law.

5

The trial court responded, "The Court at this time will make a finding that five months is not sufficient military service for purposes of the legislature's intent under Penal Code Section 1001.80." Counsel for defendant was afforded an opportunity to file evidence that defendant had served in the reserves.

Defendant filed a petition for writ of mandate in the Appellate Division on October 9, 2024. He argued that the trial court erred by finding that to be eligible for military diversion pursuant to Penal Code section 1001.80, he had to have served a minimum of one year of active duty or one day of combat. No such restriction appeared in the plain language of the statute. Reliance on the MOU to establish additional eligibility criteria was improper. Defendant provided exhibits showing his military service of six months. He was honorably discharged. The People filed a response acknowledging that nothing in the plain language of Penal Code section 1001.80 supported the trial court's holding that there was a one-year minimum service requirement. Remand was necessary for the trial court to reconsider whether Defendant was eligible for pretrial diversion and then make a suitability determination.

In its opinion, the Appellate Division noted that the trial court had found defendant ineligible because he did not meet the threshold of active duty for at least one year. The trial court relied on the intent of the Legislature under Penal Code section 1001.80 and the MOU; the MOU was not part of the record, but the trial court read a portion that required one year of service. The Appellate Division reviewed the language of Penal Code section 1001.80 and found that it had a two-step process for determining eligibility. The Appellate Division then found that if a defendant was found eligible, the

6

trial court within its discretion assessed whether a defendant was suitable for diversion citing to *Wade*, *supra*, 33 Cal.App.5th at pages 700 through 702, 707 through 712, and 715 through 718. The Appellate Division found there was nothing in the plain language of Penal Code section 1001.80 to support the one-year service requirement. Defendant's service in the Marine Corps met the statutory standard.

The Appellate Division additionally found that defendant was not automatically eligible for diversion. The trial court must also find defendant was suffering from a condition listed in Penal Code section 1001.80, which was suffered because of his military service, and if he was found eligible, then he must be assessed for suitability for military diversion. The Appellate Division noted, "As always, a diversion decision ' "is predicated on an in-depth appraisal of the background and personality of the particular individual before the court" ' with a focus on the goal of rehabilitation, and courts should be careful not to impose requirements that effectively restrict the legislatively determined scope of who is eligible or suitable." The Appellate Division issued a peremptory writ of mandate directing the superior court to vacate its order denying defendant's request for military diversion and reassess his eligibility.

As stated, on our own motion, we ordered the case transferred to this court pursuant to California Rules of Court rule 8.1002(3). We ordered defendant and the People to file briefs addressing the two following questions: (1) Whether the superior court opinion properly used the term "suitability" in relation to Penal Code section 1001.80; and (2) whether the MOU referenced in the opinion relates to eligibility for

7

military diversion under Penal Code section 1001.80, or whether it relates only to military treatment under Penal Code section 1170.9.

**DISCUSSION**

A.    <u>SUITABILITY</u>

In its opinion, the Appellate Division found first that the trial court erred by finding there was a one-year service requirement to be *eligible* for pretrial diversion.  It then addressed the remedy for such error, finding that even if the trial court found defendant was eligible based on his military service, he was not entitled to military diversion as a matter of law.  It stated, "[T]he trial court must still find that he may be suffering from a listed condition as a result of his military service.  If the trial court so finds, it must then assess defendant's suitability for military diversion."  In this appeal, the parties agree that despite the statute not using the term "suitable," the court in *Wade*, *supra*, 33 Cal.App.5th 694 properly determined that the trial court, within its discretion, could find a defendant not suitable for pretrial diversion even if eligible.  The parties differ as to the factors that the trial court should consider in making a suitability determination.  Defendant contends this court should find that trial courts should be advised to only consider the availability of appropriate treatment and the defendant's willingness to engage in that treatment.  Suitability should be guided by the access to treatment and potential for treatment consistent with the statute's rehabilitative purpose rather than on the offense itself or fixed rules derived from the MOU or other sources. The trial court may not deny diversion based on prior convictions, offense

8

characteristics or assumptions about whether a defendant is likely to succeed.[4]  The

People insist that such narrow considerations should not be adopted by this court.

"The state's diversion programs 'generally authorize trial courts to divert eligible

persons charged with qualifying offenses from the normal criminal process into

treatment and rehabilitation.' " (*People v. K.D.* (2025) 110 Cal.App.5th 1, 15.)

"Military diversion represents a relatively new addition to the state's diversion

programs." (*Wade*, *supra*, 33 Cal.App.5th at p. 707; see also *Segura v. Superior Court*

*of Orange County* (Cal. Ct. App., Sept. 2, 2025, No. G065079) 2025 WL 2505320, at *4

(*Segura*).)  "The primary purpose of diversion is rehabilitation." (*Wade*, *supra*,  at p.

707; see also *K.D.*, at p. 19.)

When this case was decided in September 2024, Penal Code section 1001.80

only applied to misdemeanor offenses.  (Stats. 2017, c. 179 (S.B. 725), § 1, eff. Aug. 7,

2017.)  Since that time, Penal Code section 1001.80 has been expanded to provide that

some felony offenses are eligible for diversion.[5]  (Stats.2024, c. 924 (S.B. 1025), § 1,

eff. Jan. 1, 2025.)  Current Penal Code section 1001.80, subdivision (b), provides that

"A defendant charged with a misdemeanor is eligible for diversion if both the following

apply:  (1) The defendant was, or currently is, a member of the United States military.

[¶]  (2)(A) The defendant may be suffering from sexual trauma, traumatic brain injury,

---

[4]  Defendant appears in the reply brief to accept that other factors may be considered by the trial court but only if those factors are directly tied to a defendant's ability to participate in treatment.

[5]  Penal Code section 1001.80, subdivision (o), excludes some felony offenses, including murder, rape and other offenses.

post-traumatic stress disorder, substance abuse, or mental health problems as a result of their military service."  A defendant need only show a "reasonable possibility" that he is suffering from a qualifying condition.  (*Segura, supra,* 2025 WL 2505320 *7.)  Penal Code section 1001.80, subdivision (b) provides, "The court may request, using existing resources, an assessment to aid in the determination that this paragraph applies to a defendant."

Current Penal Code section 1001.80, subdivision (c) sets forth the criteria for determining whether a defendant who commits a *felony* offense is eligible for diversion. It has additional criteria, including whether the "defendant's condition was a significant factor in the commission of the charged offense."  (Pen. Code, § 1001.80, subd. (c).)  As recently noted by another court of appeal, "To be eligible for military diversion when charged with a felony, the defendant has the burden to show a relationship (a nexus) between the qualifying condition (e.g., substance abuse) and the commission of the charged offense (the crime).  However, when charged with a misdemeanor, the defendant has no burden to show such a relationship or nexus."  (*Segura*, *supra*, 2025 WL 2505320, at *1.)  Since this case was decided by the trial court prior to the change to Penal Code section 1001.80, and involves a misdemeanor offense, we do not consider whether the suitability requirement is the same for felony offenses, and restrict our opinion to the evaluation of misdemeanor offenses only.

Subdivision (b) of Penal Code section 1001.80 provides, "If the court determines that a defendant charged with an applicable offense under this chapter is a person described in subdivision (b) or (c), the court, with the consent of the defendant and a waiver of the defendant's speedy trial right, *may* place the defendant in a pretrial diversion program as defined in subdivision (k)." (Italics added

When interpreting a statute, we look to its words to "ascertain the intent of the Legislature." (See *People v. Overstreet* (1986) 42 Cal.3d 891, 895-896 ["When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it"].) "If the language of a statutory provision remains unclear after we consider its terms, structure, and related statutory provisions, we may take account of extrinsic sources—such as legislative history — to assist us in discerning the relevant legislative purpose." (*Gund v. County of Trinity* (2020) 10 Cal.5th 503, 511.)

Penal Code section 1001.80 does not include language that a defendant must be suitable for pretrial diversion even if found eligible. However, Penal Code section 1001.80 grants discretionary authority to the trial court to deny pretrial diversion by using the term "may" in subdivision (d). (See *Wade*, *supra*, 33 Cal.App.5th at p. 708; see also; *Segura, supra,* 2025 WL 2505320 * 4 ["[I]f the court finds a defendant *eligible* for military diversion under subdivision (b) . . . , then the court has the discretion to determine whether a defendant is then *suitable* for diversion under subdivision (d)"].)

11

In *Wade*, the defendant, who was an active-duty member of the United States Army, was charged with misdemeanor driving under the influence with a special allegation that he had a blood alcohol concentration above 0.15 percent. The defendant requested pretrial diversion pursuant to Penal Code section 1001.80. The prosecution did not dispute the defendant's eligibility but argued that the trial court should exercise its discretion and find that he was unsuitable for diversion based on his extreme intoxication and danger to the community. (*Wade*, *supra*, 33 Cal.App.5th at pp. 700-702.) "A key issue disputed by the parties was how the trial court should utilize a worksheet entitled 'Superior Court of California, County of Monterey, Military Diversion Information Sheet.' The information sheet states that the court, in collaboration with the offices of the local district attorney and public defender, 'has compiled the following information' regarding military diversion pursuant to section 1001.80. It states that '[e]ach case will be considered on an individual basis. The court has the sole discretion to grant or deny participation in Military Diversion after considering the relevant factors and nature of the charges.' The information sheet lists seven 'eligibility criteria' derived from the statute and 29 'factors of con[s]ideration in granting or denying military diversion.' " (*Id.* at pp. 702-703, fn. omitted.)

The trial court found the decision to grant pretrial diversion rested with the trial court. The trial court stated it had considered the 29 factors that were basically aggravating factors and mitigating factors similar to the felony sentencing guidelines. It noted the defendant had made a conscious choice to drive, and had a blood alcohol level double the legal limit. The trial court found, "[I]n this particular case, the Court

believes that public safety would dictate that this particular case not come within 1001.8[0], respectfully." (*Wade*, *supra*, 33 Cal.App.5th at pp. 703-704.)

The defendant in *Wade* filed a petition for writ of mandate in the appellate court. On appeal, the court addressed whether a defendant who was eligible to participate in pretrial diversion under Penal Code section 1001.80 could still be rejected as unsuitable on criteria that were incompatible with the intent and purpose of the military diversion statute. The People argued on appeal that the statute leaves the determination of defendant's suitability to the sound discretion of the trial court, including the reasons considered by the trial court such as public safety and aggravated factors. (*Wade*, *supra*, 33 Cal.App.5th at p. 706.)

The *Wade* court found, "[a] trial court lacking specific, statutory criteria to guide its suitability determination is not operating in a vacuum; that the statute imposes no restrictions on what the court may consider does not alter the court's fundamental duty to exercise discretion consistent with the principles and purpose of the governing law. [Citation.] But neither do we view lawful limits on the exercise of discretion as a basis for limiting the court's consideration of factors or criteria that it deems relevant, so long as that assessment does not reveal an erroneous understanding of or ' "transgress[] the confines of the applicable principles of law" ' [citation]. The discretion to consider a defendant's suitability for pretrial military diversion necessarily requires discretionary judgments about which criteria or factors best determine suitability, and both operations of discretion must be informed by the legal principles and purpose of the statute guiding the court's actions." (*Wade*, *supra*, 33 Cal.App.5th at p. 710.) After reviewing the

13

Legislative history, including amendments to Penal Code section 1001.80, the *Wade* court concluded that the trial court's discretion to determine suitability for a pretrial diversion statute must be informed by "the principles of access to treatment and potential for rehabilitation." (*Wade*, at p. 714.)

The *Wade* court then assessed whether the trial court properly considered the factors that mirrored those factors in the felony sentencing guidelines in determining whether the trial court abused its discretion by denying pretrial diversion. The *Wade* court found, "The fact that the information sheet factors reflect considerations more pertinent to felony sentencing than to a defendant's treatment and rehabilitation does not make them improper or irrelevant to the court's analysis, however. Many of the criteria included in the information sheet—including, among others, the nature of the charges, whether the defendant has engaged in violent conduct that presents a serious danger to society, the defendant's prior record, and whether the defendant voluntarily acknowledged wrongdoing—may provide the diversion court with valid insight into an eligible defendant's disposition for rehabilitation under section 1001.80. We accordingly reject any blanket characterization of the information sheet factors as improper criteria. What is determinative on a case by case basis is whether the trial court's consideration of particular criteria was guided by the appropriate legal principles." (*Wade*, *supra*, 33 Cal.App.5th at p. 715.) It noted, "[T]he trial court's considered criteria—including the 'inherently dangerous' nature of the offense, Wade's 0.16 blood alcohol concentration, his 'nonpassive' role in committing the offense, and his purported 'bad driving' at the time of the offense—was not an exercise of informed

14

discretion because there is no basis on which to infer that the court related those criteria to Wade's suitability for treatment and rehabilitation. [¶] . . . [¶] The Legislature's clear intent to make the pretrial military diversion program available to eligible, active duty military and veterans who are charged with driving under the influence, with no stated limits based on blood alcohol concentration or the inherently dangerous nature of the offense, severely limits the trial court's discretion to deny military diversion for an eligible defendant on those grounds. Simply put, the trial court in this case did not have discretion to deny Wade's request based on the inherently dangerous nature of driving while intoxicated, because the Legislature implicitly considered the commonly occurring features of DUI offenses but nevertheless elected to include them in the statutory program without restriction." (*Wade*, *supra*, 33 Cal.App.5th at p. 716.)

In closing, the *Wade* court found, "Our holding is a narrow one; it does not limit the trial court's discretion to decide whether a military defendant is suitable for pretrial diversion under section 1001.80 or restrict the court's authority to identify factors or criteria relevant to its inquiry. However, in the context of the military diversion statute, the court's discretionary determinations about who is suitable to participate in pretrial diversion and how to evaluate suitability may not ignore or contravene the legislative intent to include misdemeanor driving under the influence offenses within the scope of section 1001.80. Because the determination that Wade's case did 'not come within [section] 1001.8[0]' was antithetical to the Legislature's purposeful inclusion of DUI offenses in the statute, we conclude that the trial court abused its discretion in denying Wade's diversion request on that basis." (*Wade*, *supra*, 33 Cal.App.5th at p. 718.)

15

We think the reasoning in *Wade* is sound.  The trial court should consider both whether a defendant is eligible for military diversion, and then evaluate the defendant's suitability for diversion taking into account the rehabilitative purpose of Penal Code section 1001.80.  Defendant's argument that the suitability factors considered by a trial court should be limited is not supported by the language in *Wade*.  The trial court can consider any factor in determining suitability, as long as it does not conflict with the statutory language, such as excluding DUI offenses, and considers the factors in light of the purposes of the diversion statute for treatment and rehabilitation, and whether defendant would benefit from diversion.  (See *People v. K.D.*, *supra*, 110 Cal.App.5th at p. 27.)[6]

B.  MOU APPLICABLE TO PENAL CODE SECTIONS 1001.80 AND 1170.9

The parties agree that the MOU applies to diversion under both Penal Code sections 1001.80 and 1170.9, and that the MOU is only intended to be a reference, not a gatekeeper, for judicial officers.

Penal Code section 1170.9 provides, "(a) In the case of any person convicted of a criminal offense who could otherwise be sentenced to county jail or state prison and who alleges that the person committed the offense as a result of sexual trauma,

---

[6] At oral argument, defendant's counsel requested that this court require trial courts to provide their reasoning on the record for finding a defendant not suitable for diversion.  Nothing in Penal Code section 1001.80 requires that such reasoning be provided on the record and we have been provided with no other authority for the trial court to state its reasons on the record.

16

traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems stemming from service in the United States military, the court shall, prior to sentencing, make a determination as to whether the defendant was, or currently is, a member of the United States military and whether the defendant may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's service. The court may request, through existing resources, an assessment to aid in that determination." This section applies to those who have been convicted and want to be considered for "Veterans Court" as opposed to military diversion pursuant to Penal Code section 1001.80, which involves misdemeanor or qualifying felony offenses before the court on an accusatory pleading.

The MOU in this case is between the Riverside courts, district attorney's offices, public defender's offices, and other community partners. The MOU provides, "The Judge manages the Veterans Court program by making the final decision on issues of probation eligibility, entrance into the court program, rewards and sanctions, graduation, termination and all other issues regarding the operations of the Veterans Court. While the COURT will consider input from members of the team, the Judge is ultimately responsible for these decisions." It further provides, "This MOU will be deemed to have been made and will be governed, construed, interpreted and enforced pursuant to and in accordance with the laws of the State of California."

Under the MOU, there appear to be two separate sections for those eligible pursuant to Penal Code section 1170.9 and 1001.80. In Standard 4, Assessment, it provides that those eligible for admission to Veterans Court are required to plead guilty and/or reinstate probation. Standard 401 provides "Consideration for admission to Veterans Court will be available to United States miliary service veterans who have a criminal case. In addition, the Veterans who are referred must have a minimum of one year of service OR 1 day in Combat." This provision clearly applies to Penal Code section 1170.9.

Standard 11 is entitled Military Diversion. It notes that military diversion was established by the enactment of Penal Code section 1001.80. It then lists the eligibility requirement, which includes being charged with a misdemeanor offense, being a current or former member of the United States Military, and suffering from a condition that was a result of his or her military service. There is no similar requirement as in Standard 401 that there be a minimum one year of military service.

It is clear that the MOU applies both to a defendant who has pleaded guilty and seeks to be admitted to Veterans Court and a defendant who has been charged with an offense and seeks military diversion pursuant to Penal Code section 1001.80. However, the one year of miliary service requirement in the MOU does not apply to military diversion. The trial court erred by finding that it was applicable to pretrial diversion pursuant to Penal Code section 1001.80.

Defendant makes other arguments that the MOU contradicts the language of Penal Code section 1170.9, and that this court should hold that the MOU may not be used to impose disqualifying criteria beyond the plain language of Penal Code section 1001.80. This court restricted its review to the question of whether the MOU referenced by the trial court and referenced in the Appellate Division opinion relates to eligibility for military diversion under Penal Code section 1001.80, or whether it relates only to military treatment under Penal Code section 1170.9. As such, we did not grant review on the validity of the MOU or to make modifications. We have concluded that although the MOU applies to both Penal Code sections 1001.80 and 1170.9, the one-year military service requirement was not included as a criterion in the MOU in relation to Penal Code section 1001.80 military diversion. As such, no further findings as to the validity of the MOU are properly before this court.

In sum, the trial court erred by finding there was a minimum service requirement under Penal Code section 1001.80 and the MOU. Further, Penal Code section 1001.80 requires the trial court to consider whether defendant is eligible for diversion, and then make a suitability determination.

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying Petitioner's request for military diversion under Penal Code section 1001.80 and conduct further proceedings in a manner consistent with this opinion. The clerk of this court should address the remittitur to the Appellate Division and send that court a copy of the remittitur and a filed-endorsed copy of this court's opinion. On

19

receipt of the remittitur, the Appellate Division clerk must promptly issue a remittitur as there are no further proceedings in that court.

CERTIFIED FOR PUBLICATION

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.