[No. A092605. First Dist., Div. Two. June 28, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
DUKE KIMBERLY BOLTER, Defendant and Respondent.

## Counsel

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, René A. Chacón and Juliet B. Haley, Deputy Attorneys General, for Plaintiff and Appellant.

Neal I. Sanders, under appointment by the Court of Appeal, for Defendant and Respondent.

## Opinion

**LAMBDEN, J.**—Defendant Duke Kimberly Bolter, an inmate at Pelican Bay State Prison (PBSP), is charged with the murder of fellow inmate William Stanton Boyd. The trial court granted defendant's Penal Code section 995 motion as to one of three alleged special circumstances, and dismissed the charge under section 190.2, subdivision (a)(10), that the victim was a witness to a crime and was intentionally killed in retaliation for his testimony in a criminal proceeding.[1] The People appeal the dismissal of the special circumstance. (See § 1238, subd. (a)(1).) We stayed trial on the remaining charges pending determination of this appeal.

In a question of first impression, the trial court interpreted the retaliatory-witness-killing special circumstance as applying only when the victim was killed for what he said while testifying and not for the mere act of testifying. We agree with the People that this interpretation cannot be reconciled with the purpose of the statute or the existing interpretation of the more commonly invoked portion of this special circumstance, which is the killing of a witness to a crime to prevent him or her from testifying. In our view, the evidence need only show that the victim/witness was killed in retaliation for the act of testifying, regardless of the content of his testimony, for the special circumstance to apply. Accordingly, we reverse the order of dismissal.

---

[1] Unless otherwise indicated, all statutory references are to the Penal Code.

## Factual and Procedural Background

Inmate William Boyd was stabbed to death on March 9, 1998, while returning from "morning yard" on B Facility at PBSB. Inmate Jimmy Gaston testified at the preliminary hearing that he saw defendant Bolter stab Boyd. Several inmates testified they knew in advance that defendant planned to kill Boyd because he testified at the trial of Jose Ramon Garcia, a PBSB guard who was charged with, and ultimately convicted of, conspiring with inmates to commit assaults on other inmates known to have been convicted of child molestation. Defendant told inmate Scheef he was going to kill Boyd because Boyd had disobeyed defendant's directive not to testify in a case involving a "cop." Inmate Martinez testified that defendant had told him Boyd was going to be killed for testifying at the Garcia trial.

The magistrate took judicial notice of Boyd's trial testimony in the Garcia case and admitted a copy of the transcript containing Boyd's testimony into evidence. Boyd testified for the prosecution at the Garcia trial. He denied involvement in any assaults on inmates and stated that any knowledge of Garcia was the result of normal prison contacts. Boyd did not claim to have been a witness to any crime. The defense asked no questions of Boyd.

At the conclusion of the preliminary hearing, the magistrate expressed reservations about the sufficiency of evidence supporting the witness-killing special circumstance. The prosecutor argued that it was sufficient that Boyd was killed because he had testified at the Garcia trial, regardless of the "actual innocuous" content of the testimony. The magistrate disagreed, stating that there must be "some testimony that would in some way implicate a person on trial or the defendant in this case," which it did not find.

The prosecution nevertheless charged the witness-killing special circumstance in the information. Defendant moved to dismiss it under section 995, first arguing that the charge was improper because the magistrate had made factual findings adverse to the prosecution. The court rejected the assertion that the magistrate had made factual findings, but it agreed with defendant's alternative argument that the magistrate was correct in interpreting the statute as requiring the killing to have been in retaliation for more than the mere act of testifying. For the special circumstance to apply, the statute requires that the "victim was a witness to a crime and was intentionally killed in retaliation for his or her testimony in any criminal . . . proceeding." (§ 190.2, subd. (a)(10).) The court interpreted "testimony" as referring to words spoken on the stand and not the mere act of testifying. Implicit in this language, according to the court, is that the murder must have been in retaliation for the words spoken on the stand and not just the mere act of testifying.

DISCUSSION

The People contend the trial court's interpretation of the special circumstance was erroneous. They maintain that the content of the victim/witness's testimony is irrelevant, that the evidence need only show the victim was killed in retaliation for the act of testifying for the special circumstance to apply. The issue here is one of statutory interpretation, which is subject to our independent review. (*People v. Watson* (1981) 30 Cal.3d 290, 300 [179 Cal.Rptr. 43, 637 P.2d 279].)

Section 190.2, subdivision (a)(10) provides: "The victim was a witness to a crime who was intentionally killed for the purpose of preventing his or her testimony in any criminal or juvenile proceeding, and the killing was not committed during the commission or attempted commission, of the crime to which he or she was a witness; or the victim was a witness to a crime and was intentionally killed in retaliation for his or her testimony in any criminal or juvenile proceeding. . . ."

The statute can be violated in two ways. The accused can kill a witness to a crime (1) to prevent him or her from testifying, or (2) in retaliation for his or her testimony. There is case law interpreting the former but not the latter. As to the killing of a witness to prevent his or her testimony, our Supreme Court has held the special circumstance applicable regardless of whether the witness can be characterized as a percipient witness, an eyewitness, or an important witness. So long as one of the motives of the killer was to prevent the victim/witness from testifying, it is immaterial what role he or she would have ultimately played in that future criminal proceeding. (*People v. Stanley* (1995) 10 Cal.4th 764, 800-801 [42 Cal.Rptr.2d 543, 897 P.2d 481]; *People v. Jones* (1996) 13 Cal.4th 535, 550 [54 Cal.Rptr.2d 42, 917 P.2d 1165]; and *People v. Jenkins* (2000) 22 Cal.4th 900, 1018 [95 Cal.Rptr.2d 377, 997 P.2d 1044].)

In *People v. Stanley, supra,* 10 Cal.4th at pages 800-801, the defendant asserted he killed his wife for love after she filed charges against him. The court rejected the defendant's claim that the jury should have been instructed that to find the special circumstance true, they would have to find the "*predominant* purpose" of the killing was to prevent his wife's testimony. The court held: "If the defendant intentionally kills a would-be witness for the purpose of preventing the victim from testifying in a criminal proceeding, it is not a defense to the special circumstance allegation that he had another purpose as well." (*Id.* at p. 801.)

In *People v. Jones, supra,* 13 Cal.4th at page 550, the defendant killed his girlfriend because he feared she would testify against him concerning the

murder of a neighbor. (*Id.* at pp. 538-539.) The defendant claimed that " 'witness to a crime' " must be interpreted as meaning " 'eyewitness[].' " (*Id.* at p. 550.) The court disagreed, stating "nothing in the language of the applicable special circumstance or in our decisions applying this special circumstance supports the suggestion that the special circumstance is confined to the killing of an 'eyewitness,' as opposed to any other witness who might testify in a criminal proceeding." (*Ibid.*)

In *People v. Jenkins, supra,* 22 Cal.4th at page 1018, the defendant was charged with killing a police detective in retaliation for his testimony in a criminal proceeding. The defendant claimed that section 190.2, subdivision (a)(10) was inapplicable because the plot to kill the detective commenced before the detective testified and because he was not an important witness in the criminal proceeding. The court rejected the claim, noting that the evidence of the plot to kill the detective to prevent his testimony was sufficient to invoke the special circumstance. The provision "is applicable if defendant *believes* the victim will be a witness in a criminal prosecution, whether or not such a proceeding is pending or about to be initiated[.] It is no defense to the special circumstance allegation that the victim was not an important witness in the criminal proceeding, so long as one of the defendant's purposes was to prevent the witness from testifying." (22 Cal.4th at p. 1018, italics in original.)

██ We find nothing in the statutory language, case interpretation, or purpose of the witness-killing special circumstance that supports the trial court's interpretation of "testimony" as referring to content and requiring the killing to be in retaliation for what was said rather than the mere act of testifying. It is clear that the proposed content or importance of the testimony is immaterial in determining the applicability of the killing of a witness to prevent his or her testimony. By parity of reasoning it should also be immaterial as to the applicability of the killing of a witness in retaliation for his testimony. It is the defendant's "subjective intent that is crucial under subdivision (a)(10)," not the status of the proceeding. (*People v. Weidert* (1985) 39 Cal.3d 836, 854 [218 Cal.Rptr. 57, 705 P.2d 380].) The content of the victim/witness's testimony is no more important when he is killed in retaliation than it is when he is killed to prevent such testimony. In either case, it may be relevant to strengthen or weaken an inference of the prescribed purpose of the killing, but it is not an element of the special circumstance.

Defendant argues that the rule of lenity supports the trial court's interpretation of the statute. ██ The rule of lenity is stated as follows: " 'When language which is susceptible of two constructions is used in a penal law, the

policy of this state is to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit. The defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of a statute.' " (*People v. Snyder* (2000) 22 Cal.4th 304, 314 [92 Cal.Rptr.2d 734, 992 P.2d 1102], quoting *People v. Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) This policy applies as well when statutory language is ambiguous. (*People v. Weidert, supra*, 39 Cal.3d at p. 848.)

■■■ We find no basis for invoking the rule of lenity here. The language in question must be interpreted in the context of the statute as a whole, which, in our view, leads only to the conclusion that the content of the victim's testimony is not an element of the special circumstance. Not only would it be illogical to attach different meanings to the two references in the statute to "testimony" (i.e., prevention of testimony, or retaliation for testimony), it would impose an additional and unwarranted burden on the judicial system to require review of the relevance of the victim/witness's testimony in the prior criminal proceeding in order to determine the applicability of the section 190.2, subdivision (a)(10) in the present proceeding.

All that is required, in our view, is substantial evidence that the defendant killed the victim in retaliation for his act of testifying in a criminal proceeding. Such evidence exists here. Accordingly, the trial court erred in granting the section 995 motion.

### DISPOSITION

The order dismissing the special circumstance allegation under section 190.2, subdivision (a)(10) is reversed. The stay of trial previously ordered in this case is hereby dissolved.

Kline, P. J., and Ruvolo, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 10, 2001.