Filed 6/15/20

<u>CERTIFIED</u> <u>FOR</u> <u>PARTIAL</u> <u>PUBLICATION</u>*

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089373 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20180009703) |
| v. | |
| DAMMAR DARRELL JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Joaquin County, William D. Johnson, Judge. Reversed with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

---

* Pursuant to California Rules of Court, rules 8.1105 and 8.1110, this opinion is certified for publication with the exception of part III of the Discussion.

Defendant Dammar Darrell Johnson was parked on the side of a road when two police officers approached to investigate his car's missing registration tag. Defendant ended up handcuffed in the patrol car for resisting an officer. After defendant was detained, one of the officers approached defendant's car to perform what the officer described as a tow inventory search. The officer smelled marijuana emanating from the car and found "[p]ossibly a couple grams" of marijuana in the center console; the search then purportedly transitioned from an inventory search into a probable cause search, which revealed a loaded handgun in the rear cargo area of the car. Defendant sought to suppress the evidence from the search, but the motion and his renewed motion were denied. The magistrate and trial judge found the search was not an inventory search, but upheld it based on probable cause. Defendant pled no contest to being a felon in possession of a firearm.

On appeal, defendant challenges the trial court's denial of his renewed motion to suppress. The question before us is whether the odor of marijuana and visual observation of approximately two grams of marijuana in a plastic baggie knotted at the top in defendant's parked car provided probable cause to justify the search conducted by the officers.[1] We conclude the officers did not have probable cause and therefore reverse.

---

[1] The People do not argue the search was valid as an inventory search or a search incident to arrest; the People argue the officers had probable cause. We agree with the magistrate and trial judge that the search was not justified as an inventory search because the district attorney presented no evidence that the officers undertook the search pursuant to any preexisting policy or practice. (See *People v. Williams* (1999) 20 Cal.4th 119, 137-138.) We also agree with the trial judge that the search was not valid as a search incident to arrest. Defendant was detained in the patrol car and not within reaching distance of his car when the officers began the search. (See *Arizona v. Gant* (2009) 556 U.S. 332, 343 [173 L.Ed.2d 485, 496].) Further, it is not reasonable to believe the car contained evidence of the offense of the arrest, i.e., resisting an officer. (See *ibid*; *People v. Evans* (2011) 200 Cal.App.4th 735, 746, 752.) As such, the focus of our inquiry is the probable cause search based on the evidence of marijuana.

FACTUAL AND PROCEDURAL BACKGROUND

The testimony of Stockton Police Officers Aaron Clark and William Hall during defendant's preliminary examination established the following events. The two officers were on patrol when they saw defendant sitting in a parked car on the side of the road. They decided to check defendant's registration because they did not recognize the vehicle and observed the registration tag was missing. The officers activated emergency lights and Officer Clark got out of the patrol car to speak with defendant. Defendant stepped out of his car and refused to return when asked. Defendant was agitated, yelling at Officer Clark, and asking why he had to get back into his car. When Officer Clark grabbed defendant's arm to maintain control, defendant tensed and pulled away. Defendant continued to pull away and yell as the officers handcuffed him. After some resistance, the officers arrested defendant and placed him in the patrol car.

The officers then approached defendant's car to perform what they referred to as a tow inventory search because the car's registration was expired. Officer Clark approached the driver's side door, testifying he "could smell the odor of marijuana once [he] got to the vehicle." He first "checked underneath the driver's seat" for items and then "went to the center console where [he] found a small bag" containing marijuana. The plastic bag was knotted at the top and contained "[p]ossibly a couple grams" of marijuana. After finding the marijuana, Officer Clark "continued the search as a probable cause search of the vehicle for more contraband." In the rear cargo area of the car, behind a plastic panel, the officers found a loaded handgun.

Defendant moved to suppress the evidence. The hearing on the motion was held contemporaneously with defendant's preliminary examination. The district attorney argued the odor and presence of marijuana provided probable cause for the search. Specifically, the district attorney asserted that, even though the baggie containing the marijuana was knotted at the top, the fact that it could have been untied at some point

3

meant it constituted an open container within the meaning of Health and Safety Code[2] section 11362.3, subdivision (a)(4).  In the district attorney's view, this violation of the open container law gave the officers probable cause to search the rest of the vehicle.

The magistrate found the search was not valid as an inventory search, but denied defendant's motion, citing either a search incident to arrest for resisting an officer or a probable cause search.  The magistrate made the following factual findings related to the probable cause search:  (1) the car was parked on the side of a public roadway when the officers approached; (2) an officer smelled the odor of marijuana emanating from defendant's car; and (3) the baggie containing marijuana in the center console was in plain view.  The magistrate did not address the district attorney's open container argument.  Instead, citing no authority, the magistrate stated "[w]e have marijuana in a vehicle which is still illegal; [P]roposition [64] didn't change the fact that you can only have marijuana in a vehicle if it is locked in a controlled setting."  Accordingly, the magistrate found the marijuana "in plain view in a plastic baggie" was "against the law."  The magistrate explained she found *Waxler* controlling, finding the baggie gave the officers "additional probable cause to search the vehicle for other marijuana, which is illegal to have in a vehicle."  (Citing *People v. Waxler* (2014) 224 Cal.App.4th 712.)

Defendant subsequently filed a renewed motion to suppress.  Based on the transcripts from the preliminary examination, the trial judge considered the renewed motion, disagreeing with the magistrate that the search was valid as a search incident to arrest.  Considering whether it was a probable cause search, the trial judge stated, "*Fews* upholds both *Waxler* and *Strasburg*, which say the smell of marijuana does allow for the search of the car."  (Citing *People v. Fews* (2018) 27 Cal.App.5th 553; *People v. Waxler*, *supra*, 224 Cal.App.4th at p. 712;  *People v. Strasburg* (2007) 148 Cal.App.4th 1052.)

---

[2]     All further section references are to the Health and Safety Code unless otherwise specified.

The trial judge found the search lawful as a probable cause search based on the odor of marijuana alone and denied the renewed motion to suppress.

Defendant was initially charged with being a felon in possession of a firearm, possession of ammunition by a prohibited person, and resisting, obstructing, or delaying a peace officer. He was also issued a citation for the marijuana and expired registration. As part of his plea of no contest to a felon in possession of a firearm, the remaining charges were dismissed.

## DISCUSSION

The Fourth Amendment guarantees the right to be free from unreasonable searches and seizures. (U.S. Const., 4th Amend.) Warrantless searches are per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." (*Katz v. United States* (1967) 389 U.S. 347, 357 [19 L.Ed.2d 576, 585].) One such exception is the automobile exception, which provides "police who have probable cause to believe a lawfully stopped vehicle contains evidence of criminal activity or contraband may conduct a warrantless search of any area of the vehicle in which the evidence might be found." (*People v. Evans*, *supra*, 200 Cal.App.4th at p. 753; see also *United States v. Ross* (1982) 456 U.S. 798, 820-821 [72 L.Ed.2d 572, 590-591].) Probable cause is a more demanding standard than mere reasonable suspicion. (*People v. Souza* (1994) 9 Cal.4th 224, 230-231.) It exists "where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found . . . ." (*Ornelas v. United States* (1996) 517 U.S. 690, 696 [134 L.Ed.2d 911, 918].) In determining whether a reasonable officer would have probable cause to search, we consider the totality of the circumstances. (*Illinois v. Gates* (1983) 462 U.S. 213, 230-231, 238 [76 L.Ed.2d 527, 543-544, 548].)

In 2016, Proposition 64[3] legalized the possession of up to 28.5 grams of marijuana by individuals 21 years or older. (§ 11362.1, subd. (a)(1).) The use and possession of marijuana is not unconditional, however; there are various statutory provisions proscribing such use and possession in certain circumstances. (See, e.g., § 11362.3; Veh. Code, § 23222, subd. (b).) Notwithstanding any other proscription by law, section 11362.1, subdivision (c) provides that "[c]annabis and cannabis products involved in any way with conduct deemed lawful by this section are not contraband nor subject to seizure, and no conduct deemed lawful by this section shall constitute the basis for detention, search, or arrest." Thus, section 11362.1, subdivision (c) does not apply when the totality of the circumstances gives rise to a fair probability that an existing marijuana regulation was violated when the search occurred. (*People v. Fews*, *supra*, 27 Cal.App.5th at p. 563.)

Defendant argues the officers did not have probable cause to search his car because there was no evidence of marijuana use and the marijuana found in plain view was in a legal amount. The People assert the officers had probable cause in light of pre-Proposition 64 precedent and, in any event, there was evidence defendant was "operating a vehicle with an open container of marijuana (Health & Saf. Code, § 11362.3, subd. (a)(4)), or driving a vehicle with an unsecured container of marijuana (Veh. Code, § 23222, subd. (b))." Thus, the People assert section 11362.1, subdivision (c) does not apply.

Before we delve into the legal question presented, we frame the facts pertinent to the issue. We next consider the application of pre-Proposition 64 case law to the facts of this case and, finding the precedent inapplicable, finally consider whether the facts support a probable cause search as a violation of the statutes relied upon by the People.

---

[3] Control, Regulate and Tax Adult Use of Marijuana Act, as approved by the voters, General Election, November 8, 2016.

We conclude the facts do not support the People's position and section 11362.1, subdivision (c) applies.

## I

### *The Pertinent Facts*

Where, as here, a motion to suppress is submitted to the superior court on the preliminary examination transcript, "the appellate court disregards the findings of the superior court and reviews the determination of the magistrate who ruled on the motion to suppress, drawing all presumptions in favor of the factual determinations of the magistrate, upholding the magistrate's express or implied findings if they are supported by substantial evidence, and measuring the facts as found by the trier against the constitutional standard of reasonableness." (*People v. Thompson* (1990) 221 Cal.App.3d 923, 940.) Substantial evidence is evidence " 'of ponderable legal significance, . . . reasonable in nature, credible, and of solid value.' " (*Bowers v. Bernards* (1984) 150 Cal.App.3d 870, 873, italics omitted.) While we defer to the magistrate's factual findings if they are supported by substantial evidence, we exercise our independent judgment in determining the legality of a search on the facts so found. (*People v. Glaser* (1995) 11 Cal.4th 354, 362; *People v. Woods* (1999) 21 Cal.4th 668, 673-674.)

There is no question there was substantial evidence to support the magistrate's factual findings that defendant's car was parked when the officers approached and an officer smelled marijuana emanating from defendant's car. It is not as clear whether substantial evidence supports the magistrate's finding that the marijuana was in plain view. Officer Clark stated he first checked for items under the driver's seat and then *went to* the center console where he *found* the baggie of marijuana. He also answered affirmatively when asked, "[w]hen you went into the center console, you said that's when you found the baggie of marijuana?" Defendant, however, does not challenge the magistrate's plain view finding and we draw all inferences in favor of the finding. (*People v. Turner* (1994) 8 Cal.4th 137, 214, fn. 19 [claims not developed are deemed forfeited and rejected].)

7

The magistrate did not make a factual finding as to any of the characteristics of the plastic baggie containing the marijuana. The People assert "[t]here was a possible question at the suppression hearing as to whether the bag of marijuana was knotted when it was found," noting "[n]o knot is shown in any of the exhibits showing the bag and there was no testimony that the bag was knotted when Clark first saw it." However, during the preliminary examination, the district attorney asked Officer Clark, "[a]nd was the bag, it looked like it had been knotted at the top?" and Officer Clark responded, "[y]es." The district attorney then asked, "[i]f you unknotted it, it would have opened?" Officer Clark responded, "[y]es it would have." In this exchange, the officer confirmed the baggie was knotted and did not mention knotting the baggie after finding it. The district attorney later reiterated the officer's testimony stating, "the marijuana [Officer Clark] located was in a baggie that had a -- that was tied and knotted at the top, but if untied is open . . . ." There was no further discussion of the appearance of the baggie during the preliminary hearing. The People's assertion that the knot is not visible in the exhibits does not override Officer Clark's and the district attorney's express descriptions of the baggie. We, therefore, conclude, based on the evidence at the preliminary hearing, that the baggie was knotted when found.

In summary, the pertinent facts gleaned from the evidence before the magistrate are: defendant was parked on the side of the road when the officers approached; and, after his arrest, an officer smelled marijuana emanating from the car and saw a plastic baggie knotted at the top containing approximately two grams of marijuana in plain view.

## II

### Section 11362.1, Subdivision (C) Applies

The People do not rely heavily on the pre-Proposition 64 cases cited by the magistrate and trial judge, but note them nonetheless. The People assert, "[a]s held in *Waxler*, the presence of *any* amount of marijuana in a vehicle establishes probable cause to search the vehicle" and, "under such cases as *Waxler*, *Strasbourg* [*sic*], and *Souza*, there was probable cause to search [defendant]'s entire vehicle even if the small bag

8

qualified as a closed container." We disagree and do not find the cases pertinent to the analysis.

In *Strasburg*, an officer smelled marijuana emanating from the defendant's car. (*People v. Strasburg*, *supra*, 148 Cal.App.4th at p. 1055.) At the time of the encounter, qualified patients with a valid medical marijuana card or a physician's recommendation were allowed to carry up to eight ounces of marijuana, but possession of marijuana otherwise remained a criminal offense. (*Id.* at pp. 1057-1058, 1060.) The defendant told the officer he had just been smoking marijuana and had a medical marijuana card, which the officer declined to view. (*Id.* at pp. 1055-1056.) When questioned, the defendant said he had marijuana in the car and retrieved a plastic bag containing about three-quarters of an ounce. (*Id.* at p. 1055.) The officer also saw another bag in the car containing 2.2 grams of marijuana, which the defendant gave him. (*Ibid.*) Based on these initial observations, the officer searched the car and found 23 ounces of marijuana and a scale. (*Id.* at p. 1056.)

The First District Court of Appeal upheld the search, noting the medical marijuana law at the time provided immunity from prosecution, but did not act as a shield from reasonable investigation. (*People v. Strasburg*, *supra*, 148 Cal.App.4th at pp. 1058, 1060.) Because the defendant's valid medical marijuana card did "not detract from the officer's probable cause," the officer had probable cause to search the vehicle at the outset of the encounter when he first detected the odor of marijuana. (*Id.* at pp. 1059-1060.) Based on the probable cause, the officer was "entitled to continue to search and investigate, and determine whether the subject of the investigation [wa]s in fact possessing the marijuana for personal medical needs, and [wa]s adhering to the eight-ounce limit on possession." (*Id.* at p. 1060.)

When *Strasburg* was decided, nonmedical marijuana was illegal and the medical marijuana law did not affect probable cause; thus, the odor of marijuana would always provide probable cause to search a car. (See *People v. Strasburg*, *supra*, 148 Cal.App.4th at pp. 1059-1060.) This is no longer the case after Proposition 64. Now, section 11362.1, subdivision (c) definitively affects probable cause determinations,

9

providing, "[c]annabis and cannabis products involved in any way with conduct *deemed lawful by this section* are not contraband nor subject to seizure, and no conduct *deemed lawful by this section* shall constitute the basis for detention, search, or arrest." (Italics added.) Conduct deemed lawful under section 11362.1, subdivision (a)(1) includes possession and transportation of up to 28.5 grams of marijuana by individuals 21 years or older, the exact conduct that formed the basis of probable cause in *Strasburg*. (*Strasburg*, at p. 1059.) As such, section 11362.1 undercuts the continued viability of *Strasburg*'s holding that the odor of marijuana alone establishes probable cause post-Proposition 64. (*People v. Lee* (2019) 40 Cal.App.5th 853, 865 [Proposition 64 "appear[s] to undercut much of *Strasburg*'s probable cause analysis"].)

Waxler* is similarly affected by section 11362.1. In *Waxler*, when an officer approached the defendant's truck, he "smelled 'the odor of burnt marijuana' and 'saw a marijuana pipe with . . . what appeared to be burnt marijuana in the bowl.' " (*People v. Waxler*, *supra*, 224 Cal.App.4th at p. 716.) When he searched the truck, the officer found methamphetamine and a methamphetamine pipe. (*Ibid.*) Affirming the trial court's denial of the defendant's motion to suppress, the First District Court of Appeal held, "a law enforcement officer may conduct a warrantless search of a vehicle pursuant to the automobile exception when the officer has probable cause to believe the vehicle contains marijuana, which is contraband." (*Id.* at pp. 721, 712.) The officer, therefore, had probable cause to search "after smelling burnt marijuana near the truck and seeing burnt marijuana in the truck . . . ." (*Id.* at p. 721.) The court further explained that because nonmedical marijuana was illegal to possess, the observation of *any* amount of marijuana in the vehicle established probable cause to search under the automobile exception. (*Id.* at p. 725.)

We agree with the court in *Lee*, which distinguished *Waxler* on the basis of section 11362.1, noting "*Waxler* relied heavily on the fact that any amount of nonmedical marijuana remained *contraband* despite the change in the law reducing possession of up to one ounce from a misdemeanor to an infraction." (*People v. Lee*, *supra*, 40 Cal.App.5th at p. 864.) Now that individuals age 21 or older may lawfully possess and

transport up to 28.5 grams of marijuana, evidence of marijuana in a car does not provide certainty the car contains contraband as it did when *Waxler* was decided. (See § 11362.1, subds. (a)(1), (c).) Accordingly, *Waxler*'s holding that the observation of *any* amount of marijuana provides probable cause to search a vehicle does not justify the warrantless search of defendant's car. (*People v. Waxler*, *supra*, 224 Cal.App.4th at p. 725.)

We also do not find *Souza* pertinent to this case. In *Souza*, an officer observed an opened bottle of tequila in plain view in the defendant's car. (*People v. Souza*, *supra*, 15 Cal.App.4th at p. 1649.) The court held this observation entitled the officer to remove other containers from the car "to ascertain whether they were opened since an open container within plain view provides probable cause to believe that other open containers may be found in the vehicle." (*Id.* at p. 1653.) As we explain *post*, we do not conclude the visual observation of the marijuana indicated a violation of section 11362.3, subdivision (a)(4) or Vehicle Code section 23222, subdivision (b). We, accordingly, find the People's reliance on *Souza* unavailing.

We recognize *Fews*, a post-Proposition 64 case relied upon by the People, found "no compelling reason to depart from *Strasburg* and *Waxler*." (*People v. Fews*, *supra*, 27 Cal.App.5th at p. 562.) *Fews*, however, is distinguishable. In *Fews*, officers pulled over a car in an area of San Francisco known for drug sales and use as well as drug-related violence. (*Id.* at pp. 557-558.) The driver got out of the vehicle and the defendant, the passenger, remained seated but began making "furtive movements around the passenger compartment . . . ." (*Id.* at p. 557.) When the officers approached the vehicle, they smelled " 'recently burned marijuana' " emanating from the car and the driver held a half-burnt cigar that they confirmed contained marijuana. (*Ibid.*) To conduct the search of the car, the officers first performed a patsearch of the driver and defendant and found a firearm in the defendant's pocket. (*Id.* at p. 558.)

The First District Court of Appeal affirmed the denial of the defendant's motion to suppress, finding sufficient probable cause to search the car, which justified the defendant's patsearch on safety grounds. (*People v. Fews*, *supra*, 27 Cal.App.5th at pp. 553, 564.) In doing so, the *Fews* court rejected the defendant's argument that

marijuana is no longer contraband after Proposition 64, noting the " 'not contraband' " designation from section 11362.1, subdivision (c) applies only to cannabis involved with conduct deemed *lawful* under that section.  (*Fews*, at p. 563.)  The court noted prohibitions surrounding the use and possession of marijuana, including driving a car under the influence of a drug or while in possession of an opened container of marijuana.  (*Ibid.* [citing Veh. Code, §§ 23152, subd. (f); 23222, subd. (b)].)  Testimony that the officers smelled recently burned marijuana emanating from the car and saw the driver holding a half-burnt cigar containing marijuana supported a reasonable inference the driver had violated one or both of those regulations.  (*Fews*, at pp. 557, 563.)  Because the defendant's conduct was not lawful under existing law, section 11362.1, subdivision (c) did not apply.  (*Fews*, at p. 563.)

The People assert that, as in *Fews*, section 11362.1, subdivision (c) does not apply because the odor and observation of the baggie of marijuana created probable cause to search defendant's car for contraband or evidence for violations of section 11362.3, subdivision (a)(4), which prohibits possessing an open container of marijuana while operating a vehicle, or Vehicle Code section 23222, subdivision (b), which prohibits driving with a receptacle of cannabis in an individual's "possession on their person," if the receptacle had been opened or had a seal broken.  We find neither code section applicable under the facts of this case.

Vehicle Code section 23222, subdivision (b)(1) prohibits an individual from having "in their possession on their person, *while driving a motor vehicle* upon a highway or on lands . . . a receptacle containing cannabis or cannabis products . . . which has been opened or has a seal broken, or loose cannabis flower not in a container . . . ."  (Italics added.)  Here, the district attorney presented no evidence of driving.  Officer Clark testified the car was parked when he first saw and approached it and there was no evidence presented to indicate defendant had driven the car with the marijuana baggie inside when the search began.

Without citing to the record, the People assert the magistrate impliedly concluded "there was probable cause to believe that the bag of marijuana was driven within the

12

applicable statute of limitations." We disagree. The magistrate did not cite any specific code sections when she found the marijuana in defendant's car was "against the law." We have no reason to believe the magistrate was specifically referencing Vehicle Code section 23222, subdivision (b) -- which requires driving -- because the parties did not mention this statute during the preliminary examination. The magistrate made no other statements about the violation or the car that suggests she assumed the marijuana had been in the car when driven. Thus, the record does not support the People's assertion about the magistrate's implied conclusion.

We also disagree with the People's assertion that the trial judge agreed with the magistrate's implied conclusion that the baggie of marijuana was in the car when driven. The People cite to an exchange between the district attorney and the trial judge in which the district attorney argued the odor of marijuana emanating from defendant's car provided probable cause. The district attorney then asked the judge whether she needed to present evidence of driving because driving was not testified to at the preliminary hearing, presumably addressing defense counsel's earlier argument that there was no evidence the car had been moved. The trial judge replied, "[n]o that's not an issue." The judge then proceeded to find probable cause based on the odor of marijuana alone, thereby not addressing whether the marijuana in the center console presented a violation of Vehicle Code section 23222, subdivision (b). In light of the trial judge's reliance on odor alone for probable cause, we do not conclude the trial judge declined to hear evidence of driving because he agreed with the magistrate's alleged conclusion. As such, we find no merit in the People's argument that there was "probable cause to believe that the bag of marijuana was driven within the applicable statute of limitations" and we conclude Vehicle Code section 23222, subdivision (b) was inapplicable.

Section 11362.3, subdivision (a)(4) prohibits possessing "an open container or open package of cannabis or cannabis products while driving, operating, or riding in the passenger seat or compartment of a motor vehicle, boat, vessel, aircraft, or other vehicle used for transportation." The People make no specific argument that the knotted baggie qualified as an "open container or open package" by citing to authority or anything in the

13

record; the People instead appear to presume the baggie qualified as such and evidenced a violation of section 11362.3, subdivision (a)(4).[4]  We do not assume the same.

The People note the district attorney's argument during the preliminary examination was that, "the marijuana . . . located was in a baggie that had a -- that was tied and knotted at the top, but if untied is open which consists of an open container." We read the district attorney's argument to be that, despite the baggie being knotted at the top when found, defendant nonetheless violated section 11362.3, subdivision (a)(4) because the baggie *could have* been opened.  After examining the language of the statute and its legislative history, we disagree and conclude a container or package must be open when found in the car, and not merely have the potential to be opened or have previously been opened, to violate section 11362.3, subdivision (a)(4).

Statutory interpretation is a question of law subject to de novo review.  (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311.)  When construing a statute, we strive to ascertain and effectuate the Legislature's intent.  (*People v. Castenada* (2000) 23 Cal.4th 743, 746-747.)  As in any case of statutory interpretation, we look to the words the Legislature used and give them their usual and ordinary meaning.  (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192.)  Section 11362.3 does not define the phrase "open container or open package."  In the absence of a specifically defined

---

[4]     The People contend defense counsel "appeared to concede that the bag was an 'open container.' "  During the preliminary examination, defense counsel stated, "[n]ow if the People then argue that based on the marijuana that was found in the vehicle, the officers then had probable cause to search the rest of the vehicle, I don't believe that is consistent with the current state of the law."  She then recited the facts of *In re D.W.* (2017) 13 Cal.App.5th 1249 and argued, "[a]nd the part that I was noting was just that the court [in *In re D.W.*] ruled the search was invalid, because the officers did not have cause to arrest before the search, and did not have any evidence that the minor in that case was guilty of anything more than an infraction.  [¶]  And in this case [defendant] was not guilty of anything more than an infraction in that the expired tags or no tags is an infraction, as well as the open container of marijuana.  So based on those circumstances, that was not enough to search that area of the car."  Defense counsel's legal argument with respect to the application of *In re D.W.* does not lead us to conclude she conceded defendant possessed an open container.

meaning, we look to the plain meaning of a word or phrase as understood by the ordinary person, which would typically be a dictionary definition. (*Hammond v. Agran* (1999) 76 Cal.App.4th 1181, 1189.)

Dictionary definitions of the word "open" as an adjective include "not closed or fastened" (Cambridge English Dict. (online ed. 2020) <https://dictionary.cambridge.org/us/dictionary/english/open> [as of April 23, 2020], archived at: <https://perma.cc/CAH9-RZWR>); "having no roof, lid, or other covering" (Merriam-Webster Unabridged Dict. (online ed. 2020) <https://unabridged.merriam-webster.com/unabridged/open> [as of April 23, 2020], archived at: <https://perma.cc/QH4Y-SQ49>); "not covered over; without covering, top, etc." (Collins English Dict. (online ed. 2020) <https://www.collinsdictionary.com/dictionary/english/open> [as of April 23, 2020], archived at: <https://perma.cc/UK3M-EWCF>); "allowing access to the inside with the lid, cork, or other device removed or in a position that allows access to the inside" (Encarta World English Dict. (1st ed. 1999) p. 1265, col. 2); and "having no protecting or concealing cover" (American Heritage Dict. (5th ed. 2011) p. 1234, col. 2). In the context of a container or package, these definitions refer to the absence of a lid or some other type of cover or material separating the content from the outside such that there is no barrier to accessing the content. A baggie "knotted at the top" does not separate the contents inside of the baggie from the world outside; it presents a barrier to accessing the content.

The statute's present tense form of the word "open" provides additional support for this reading of section 11362.3, subdivision (a)(4) and undermines the district attorney's (and, hence, the People's) position that the container did not have to be open when found to constitute an "open container or open package." In contrast to section 11362.3, subdivision (a)(4), Vehicle Code section 23222, subdivision (b) prohibits an individual from driving with a receptacle of marijuana, "which *has been opened or has a seal broken*," in "their possession on their person." (Italics added.) The subdivision applies to marijuana receptacles previously opened -- thus unsealed -- even if the receptacles are closed when driven. The present tense form of "open" and the lack of

a reference to a broken seal in section 11362.3, subdivision (a)(4) suggests the statute proscribes only possession of containers that are open when found as opposed to closed containers previously opened or unsealed.

" '[W]here the Legislature makes express statutory distinctions, we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended.' " (*Metropolitan Water Dist. v. Superior Court* (2004) 32 Cal.4th 491, 502.)  We have no reason to believe the Legislature did not intend to use different terminology, and therefore meanings, in section 11362.3, subdivision (a)(4) and Vehicle Code section 23222, subdivision (b).  Proposition 64 added section 11362.3 when it was enacted in 2016.  (Prop. 64, § 4.6, as approved by voters, Gen. Elec. (Nov. 8, 2016), eff. Nov. 9, 2016.)  Vehicle Code section 23222, subdivision (b) was added in 2017, in the same senate bill that slightly amended the language of section 11362.3.  (Sen. Bill No. 94 (2017-2018 Reg. Sess.).)  We presume the Legislature, when amending or enacting law, is aware of and takes into consideration existing law.  (*People v. Overstreet* (1986) 42 Cal.3d 891, 897.)

This presumption is especially apt here, where the language of section 11362.3, subdivision (a)(4) was altered in the same senate bill that added Vehicle Code section 23222, subdivision (b).  We presume the Legislature was aware of the wording of section 11362.3, subdivision (a)(4) and deliberately chose to word Vehicle Code section 23222, subdivision (b) differently.  (*Bouley v. Long Beach Memorial Medical Center* (2005) 127 Cal.App.4th 601, 607 ["The Legislature . . . may certainly be presumed to know the full text of the laws it is amending"].)

Based on the plain language of the statute and its legislative history, we conclude section 11362.3, subdivision (a)(4) applies to a container or package of cannabis that is open when found, in contrast to Vehicle Code section 23222, subdivision (b).  The baggie at issue in this case was not open when found and, therefore, there was no section 11362.3, subdivision (a)(4) violation.

The People further argue the odor of marijuana provided probable cause to search defendant's car for an open container of marijuana.  The odor of marijuana, however,

16

adds little to the probable cause calculus. Although Officer Clark said he smelled marijuana, there was no evidence or testimony presented about the connection between the smell of marijuana and the likelihood of finding an open container. As evident from our analysis of *Strasburg* and *Waxler*, the odor of marijuana alone no longer provides an inference that a car contains contraband because individuals over the age of 21 can now lawfully possess and transport up to 28.5 grams of marijuana. (§ 11362.1, subd. (a)(1).)

Finally, the People contend the circumstances surrounding the search, i.e., defendant's resistance, agitation, and attempts to draw the officers away from the car, the "long-expired registration," and the "related anomalous circumstances of the license plate and the vehicle" -- combined with the presence of the marijuana establish probable cause. We are not persuaded. While defendant's actions justified his arrest for resisting an officer, his response did not provide probable cause to search the car for contraband or evidence of a crime. (See *People v. Evans*, *supra*, 200 Cal.App.4th at p. 754 [the defendant's failure to cooperate justified his arrest for resisting an officer but was "insufficient to warrant a reasonable person in the belief there was contraband in the car"].) We further fail to see a link between the car's registration and tag violation and the likelihood of finding contraband in the car.

In summary, the facts in this case comprised of a parked car missing a registration tag and having an expired registration, the odor of marijuana emanating from the car, the observation of a tied baggie containing "a couple grams" of marijuana in the car's center console, and defendant's actions outside the car in resisting the officers. The totality of these circumstances did not amount to a "fair probability that contraband or evidence of a crime" would be found in defendant's car. (*Illinois v. Gates*, *supra*, 462 U.S. at p. 238 [76 L.Ed.2d at p. 548].) Accordingly, the search of defendant's car violated the Fourth Amendment.

III

*The Good Faith Exception To The Exclusionary Rule Does Not Apply*

Anticipating our conclusion that the search violated the Fourth Amendment, the People contend, in one sentence, that we should nonetheless affirm the denial of the

17

suppression motion because "[f]ollowing well-established precedent, such as *Waxler* and *Strasburg*, [the officers did not engage in] culpable conduct, and excluding evidence after there is a change in law would only deter what was conscientious police work."[5] The People cite two cases -- *Davis* and *Souza* -- but provide no analysis with citations to the record to support the argument. (Citing *Davis v. United States* (2011) 564 U.S. 229 [180 L.Ed.2d 285]; *People v. Souza*, *supra*, 15 Cal.App.4th at p. 1646.)

The People's argument implicates the good faith exception to the Fourth Amendment's exclusionary rule. "Exclusion of evidence due to a Fourth Amendment violation is not automatic. As the high court stated: 'The Fourth Amendment protects the right to be free from "unreasonable searches and seizures," but it is silent about how this right is to be enforced. To supplement the bare text, this Court created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation.' [Citation.] 'The rule . . . operates as "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." ' " (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1219-1220.)

For this reason, "when the police act with an objectively 'reasonable good-faith belief' that their conduct is lawful, [citation], or when their conduct involves only simple, 'isolated' negligence, [citation], the ' "deterrence rationale loses much of its force," ' and exclusion" is not warranted. (*Davis v. United States*, *supra*, 564 U.S. at p. 238 [180 L.Ed.2d at p. 295].) This is known as the good faith exception to the exclusionary rule. It applies in various factual settings, such as when the police conduct a search in reasonable reliance on a search warrant that is subsequently determined to be invalid for lack of probable cause (*United States v. Leon* (1984) 468 U.S. 897, 900, 922 [82 L.Ed.2d 677, 684, 698], or, as the People appear to argue in this case, "when the police conduct a search in objectively reasonable reliance on binding judicial precedent" (*Davis*, at p. 239

---

[5]    Defendant does not respond to this argument.

18

[180 L.Ed.2d at p. 295]). The burden of proving applicability of the good faith exception rests squarely on the People. (*People v. Willis* (2002) 28 Cal.4th 22, 36-37.)

The problem with the People's good faith exception argument is -- other than the lack of any analysis -- that the evidence was obtained *after* section 11362.1 was enacted and effective. Thus, *Davis* is readily distinguishable. The United States Supreme Court in *Davis* held that, if an officer objectively relied on "binding appellate precedent" that "specifically *authorize*[*d*]" the officer's search, evidence obtained as a result of that search would not be suppressed if the precedent is overruled *after* the search. (*Davis v. United States*, *supra*, 564 U.S. at pp. 232, 241 [180 L.Ed.2d at pp. 290, 296-297].) In contrast to *Davis*, here, section 11362.1 was enacted with the passage of Proposition 64 nearly two years prior to the search of defendant's car and supplanted the probable cause determinations in *Strasburg* and *Waxler* upon enactment, as explained *ante*. (Prop. 64, § 4.6, as approved by voters, Gen. Elec. (Nov. 8, 2016), eff. Nov. 9, 2016.) Thus, there was no binding law specifically authorizing the search when it occurred in this case. (*Davis*, at pp. 239-240 [180 L.Ed.2d at pp. 295-296].)

*Souza* does not assist the People either. In *Souza*, an officer seized contraband in a vehicle pursuant to a statute and, when the search was challenged on appeal, the Sixth District Court of Appeal found the statute authorized the search. (*People v. Souza*, *supra*, 15 Cal.App.4th at pp. 1652-1653.) The appellate court explained that, in the alternative, if the statute did not authorize the search, the evidence did not need to be excluded because the officer's interpretation of the statute was not unreasonable. (*Id.* at p. 1653.) The reasonableness of the officer's conduct was evidenced by the fact the appellate and trial courts both agreed with his interpretation. (*Ibid.*)

The facts in this case are markedly different from *Souza*, where the potential mistake of law consisted of the reasonable interpretation of an ambiguous statute. The People raise no argument that section 11362.1 is ambiguous. The People further provide no analysis as to the reasonableness of the officers' conduct.

We conclude the good faith exception does not apply because the People have failed to carry their burden of proving applicability of the exception under the facts of this case.  (*People v. Willis*, *supra*, 28 Cal.4th at pp. 36-37 [People's burden].)

DISPOSITION

The judgment is reversed.  The matter is remanded to the trial court with directions to set aside its order denying the motion to suppress, enter an order granting the motion, allow defendant to move to withdraw his plea, and conduct further proceedings consistent with this opinion.

/s/ _____
Robie, Acting P. J.

We concur:

/s/ _____
Mauro, J.

/s/ _____
Hoch, J.