Filed 11/19/24  P. v. Lucas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>KERMIT STEPHEN LUCAS, JR.,<br><br>  Defendant and Appellant. | 2d Crim. No. B328583<br>(Super. Ct. No. 1429694)<br>(Santa Barbara County) |

Kermit Stephen Lucas, Jr., appeals from the trial court's order denying his petition for recall and resentencing pursuant to Penal Code section 1172.75.[1]  The trial court denied the petition on the erroneous belief that appellant had already served the invalid prior prison term enhancement.  (§ 667.5, subd. (b).)  However, because appellant is not presently eligible for relief, we affirm.

---

[1] All further statutory references are to the Penal Code.

## Procedural Background

In 2008, appellant pleaded guilty to theft from an elder or dependent adult (§ 368, subd. (d)) and was sentenced to state prison for an indeterminate term of 25 years to life pursuant to the "Three Strikes" law.

In 2013, while in prison, appellant assaulted an inmate. He pleaded no contest to battery with serious bodily injury and admitted the personal infliction of great bodily injury enhancement. (§§ 243, subd. (d), 1192.7, subd. (c).) He was sentenced to a consecutive, determinate term of 10 years, which included a one-year prior prison term enhancement. (§ 667.5, subd. (b).)

In September 2022, the California Department of Corrections and Rehabilitation (CDCR) identified appellant as an inmate possibly eligible for resentencing pursuant to section 1172.75. The trial court appointed counsel for appellant and permitted briefing.

In his briefing and at the eligibility hearing, appellant argued that his 2008 indeterminate sentence and his 2013 determinate sentence combined to form one aggregate sentence, and he was entitled to a full resentencing hearing as to the "aggregate term." The prosecution argued that appellant was entitled to have his 2013 determinate sentence recalled and to have the one-year prison prior stricken but opposed reopening the 2008 conviction.

The trial court denied the petition, stating: "It appears defendant does not qualify for relief under Senate Bill 483, as the sentencing in the [2013 case] is a determinate term that has already been served. [¶] Penal Code §§ 1172.7 and 1172.75 permit resentencing if the [CDCR] identifies a person in their

2

custody as *currently* serving a prison term that includes an eligible prior.  Thus, this court lacks jurisdiction to resentence Defendant as the imposed sentence has been served."

*Discussion*

Appellant's sole contention on appeal is that the trial court erred when it determined it lacked jurisdiction to recall his sentence.  He contends, pursuant to section 1170.1, subdivision (c), his determinate sentence should run after the indeterminate sentence, the determinate sentence is "still active," the judgment contains an "unlawful" prior prison enhancement, and the enhancement "must be stricken now."

The Attorney General, on the other hand, correctly contends that appellant is not presently entitled to section 1172.75 relief because his "current judgment," the indeterminate sentence imposed for the 2008 conviction, does not include a prior prison term enhancement.

Although the trial court's order denying the petition was based on the erroneous belief that the determinate portion of appellant's sentence had already been served, a ruling on appeal will not be disturbed merely because it was given for a wrong reason if the ruling would otherwise be correct upon any theory of the law applicable to the case.  (*People v. Zapien* (1993) 4 Cal.4th 929, 976; *People v. Smithey* (1999) 20 Cal.4th 936, 971-972.) Because appellant is presently ineligible for relief, the trial court correctly denied the petition.

*Section 1172.75*

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody

3

for at least five years.  (Former § 667.5, subd. (b).)  Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill 136) (Stats. 2019, ch. 590) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid.  [Citation.]" (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.)

In 2021, the Legislature enacted Senate Bill No. 483 (2021-2022 Reg. Sess.), which sought to make the changes implemented by Senate Bill 136 retroactive.  (Stats. 2021, ch. 728, § 3).  In enacting Senate Bill No. 483, the Legislature stated, "[I]t is the intent of the Legislature to retroactively apply . . . Senate Bill No. 136 . . . to all persons *currently serving* a term of incarceration in jail or prison for these repealed sentence enhancements."  (Stats. 2021, ch. 728, § 1, italics added.)

Senate Bill No. 483 added former section 1171.1, which was later renumbered as section 1172.75.  Section 1172.75 provides that, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (*Id*., subd. (a).)

Subdivision (b) of section 1172.75 directs the Secretary of the CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (*Ibid*.)

4

Upon receiving this information, the sentencing court "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

*Principles of Statutory Interpretation*

The proper interpretation of a statute is a question of law we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) "''''As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.'''' [Citation.] "We look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision. . . . [Citation.]' [Citation.] That is, we construe the words in question "'in context, keeping in mind the nature and obvious purpose of the statute . . . ." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment . . . by considering the particular clause or section in the context of the statutory framework as a whole.'" [Citation]" (*Ibid.*)

"When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it." (*People v. Overstreet* (1986) 42 Cal.3d 891, 895; *In re N.R.* (2023) 15 Cal.5th 520, 538.)

*Appellant's Current Judgment*
*Does Not Include an Invalid Enhancement*

Appellant contends his 2013 determinate sentence is "still active" and therefore, the case must be remanded so the trial

court can recall his sentence, strike the enhancement, and conduct a "full resentencing."

But section 1172.75 requires the trial court to recall and resentence defendants whose "*current judgment*" includes a now invalid enhancement. (*Id.*, subds. (a)-(c), italics added.) Based on the plain language of the statute, appellant is not presently eligible for relief because his determinate sentence, which includes the one-year prior prison term enhancement, has not yet commenced.

Indeed, it is well settled that a defendant's "'consecutive sentence for his . . . in-prison offense is not merged or aggregated with his original term for the . . . out-of-prison offense. Instead, the two terms are treated as separate terms, with the term for the in-prison offense beginning only when [the defendant] completes the term for his out-of-prison offense.'" (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 452, quoting *In re Tate* (2006) 135 Cal.App.4th 756, 764-765; see also *People v. Langston* (2004) 33 Cal.4th 1237, 1242 ["new crimes committed while in prison are treated as separate offenses and begin a new aggregate term"].)

Thus, appellant will be eligible for resentencing relief when he is found suitable for parole on his current indeterminate sentence and his determinate sentence commences. (§ 1170.1, subd. (c); *In re Jenson* (2018) 24 Cal.App.5th 266, 276; *In re Coleman* (2015) 236 Cal.App.4th 1013, 1021.)

The plain language of section 1172.75 provides no exception for sentences that have not yet commenced. We presume the Legislature was aware of existing law when it enacted section 1172.75 and that it intended to maintain a consistent body of

rules. (See *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199.)

Applying well-settled principles of statutory interpretation and law, we conclude appellant is not presently entitled to relief.

*Disposition*

The trial court's order denying appellant's request to recall and resentence him pursuant to section 1172.75 is affirmed.

<u>NOT TO BE PUBLISHED</u>.


YEGAN, Acting P. J.


We concur:


BALTODANO, J.


CODY, J.


7

Patricia L. Kelly, Judge
Superior Court County of Santa Barbara

———————————————

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.