Filed 11/4/25  P. v. Polanco CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064679 |
| v. | (Super. Ct. No. M-20924) |
| JESSE TONY POLANCO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Stephen J. McGreevy, Judge. Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Jesse Tony Polanco appeals an order denying his petition to terminate his obligation to register as a sex offender. Appointed counsel, having found no arguable issue in his review of the record, filed a brief setting forth the facts of the case and requesting that we independently review the record, which we have done.[1] We have also advised Polanco of his right to file a written argument on his own behalf, but he has not done so. Finding no arguable basis to reverse, we affirm the trial court's denial order.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2000, Polanco was working as a security guard at a video game arcade in Santa Ana when a 12-year-old girl asked him for help getting a prize she had won. Polanco led the girl to the back of the arcade, lured her into the bathroom, and closed the door. Then he turned off the lights, pulled out his penis, and turned the lights back on. The girl told Polanco she had to leave and ran out of the bathroom. After zipping up his trousers, Polanco caught up to her and handed her a dollar before she left the arcade.

The police were summoned, and when they asked Polanco about the incident, he initially denied any wrongdoing. But in response to further questioning, he admitted exposing himself to the girl, saying he "just wanted to see what she would do if she saw [his] dick."

Polanco ended up pleading guilty to charges of indecent exposure and annoying or molesting a child under the age of 18. (Pen. Code, §§ 314,

---

[1] In support of his request, counsel cited *People v. Wende* (1979) 25 Cal.3d 436, but *Wende* review is limited to a defendant's "'first appeal as of right'" and does not apply in the context of this appeal from a postjudgment order. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 227.) Nevertheless, in the interest of justice, we have independently reviewed the record for arguable error. (*Id.* at p. 232.)

subd. (1), 647.6, subd. (a).)[2] He was sentenced to six months in jail, three years' probation, and ordered to register as a sex offender. Based on the nature of his offenses, Polanco was required to register annually for a minimum period of 10 years, starting in 2000. (§ 290, subds. (c) & (d)(1)(A).)

In 2001, Polanco was convicted of receiving stolen property and burglary. (§§ 496, subd. (a), 459, 460, subd. (b).) In 2006, he was convicted of failing to register. (§ 290, former subd. (g).) And in 2008, he was convicted in Kentucky of two counts of robbery and wanton endangerment of a police officer. Polanco was sentenced to 16 years in prison for his Kentucky crimes, but he was released in 2014, after serving about six years in custody.

In 2020, Polanco was investigated in Florida for sexually abusing his 14-year-old stepdaughter. Per the police report in that case, the victim alleged Polanco had sexually molested her for several years. For reasons not disclosed in the record, however, no charges were filed in that case.

In 2023, Polanco petitioned to terminate his sex offender registration requirement. The prosecution conceded Polanco had completed his mandated minimum period of registration, but it opposed his petition on the basis community safety would be significantly enhanced by keeping him on the registration list. Following a contested hearing at which Polanco was represented by appointed counsel, the trial court denied the petition on that basis.

In support of its decision, the trial court relied on a variety of factors, including Polanco's criminal history and the Florida police report describing his alleged sexual abuse of his stepdaughter. While acknowledging the Florida case was never prosecuted, the court determined the information

_____

[2] All further statutory references are to the Penal Code.

3

contained in the police report was relevant for purposes of assessing whether Polanco should be relieved of his registration duties. The court also ruled Polanco could renew his petition in three years, so long as he did not reoffend before then.

## DISCUSSION

As we mentioned at the outset, appellate counsel was unable to find any arguable issues to raise on Polanco's behalf. He did, however, raise as a potential issue whether the trial court abused its discretion by relying on the Florida police report in denying Polanco's petition. For the reasons explained below, we find no arguable basis for reversal.

"California law requires persons convicted of certain sex crimes or those whose offenses are sexually motivated to register with California's sex offender registry. (§ 290, subds. (b) & (c); [citation].) Due to a perceived propensity for recidivism, sex offenders are viewed as posing a ""'continuing threat to society.'""" [Citation.] The 'overriding purpose' of sex offender management is to mitigate that threat, thereby 'enhanc[ing] community safety by preventing future sexual victimization.' (§ 9000, subd. (d).) Requiring sex offenders to register serves that purpose by ensuring that the offenders are readily available for police surveillance." (*People v. Franco* (2024) 99 Cal.App.5th 184, 190.)

Pursuant to section 290.5, a person may petition to be removed from the sex offender registry if he has completed the minimum registration period for his registerable offenses, which Polanco has done. (§ 290.5, subds. (a)–(c).) In response, "[t]he prosecution may request a hearing and present evidence to establish 'community safety would be significantly enhanced by requiring continued registration.' (§ 290.5, subd. (a)(2), (3).)" (*People v. Thai* (2023) 90 Cal.App.5th 427, 432.)

4

In assessing the community safety issue, the trial court is required to consider, inter alia, the nature and circumstances of the petitioner's registerable offense, and any "criminal and relevant noncriminal behavior before and after" that offense. (§ 290.5, subd. (a)(3).) Proof of those factors may be established by "declarations, affidavits, *police reports*, or any other evidence submitted by the parties which is reliable, material, and relevant." (*Ibid.*, italics added.)

Although Polanco was never charged in the Florida case involving his stepdaughter, section 290.5 does not draw any distinction between police reports that led to criminal charges and those that did not. Rather, the statute broadly allows the trial court to consider "police reports" without qualification. (§ 290.5, subd. (a)(3).) Because the statutory language is clear and unambiguous, the court did not err by considering the Florida police report in assessing Polanco's petition. (See *People v. Overstreet* (1986) 42 Cal.3d 891, 895 ["When statutory language is clear and unambiguous, there is no need for construction and courts should not indulge in it"].)

Moreover, the record is clear the trial court understood the information in the Florida police report amounted to only accusations of sexual abuse. The court did not misconstrue the information as proof positive that Polanco had engaged in the misconduct attributed to him by his stepdaughter.

The record also shows that, notwithstanding the Florida case, Polanco committed numerous serious criminal offenses after his registrable offenses and shirked his registration duties on one occasion. Under these circumstances, it is not reasonably probable Polanco would have prevailed on his petition, even if the trial court had not considered the Florida police report. Therefore, there is no arguable basis for disturbing the court's ruling.

(See *People v. Watson* (1956) 46 Cal.2d 818, 836 [reversal for state law error is permitted only if it is reasonably probable the error affected the outcome of the proceeding].)

DISPOSITION

The trial court's postjudgment order denying Polanco's petition to terminate his sexual registration requirement is affirmed.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


BANCROFT, J.*


*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.